Franklin D. ASKINS, Plaintiff-Appellant,

v.

Ray L. JAMES, Defendant-Respondent.

No. WD 33383.

Missouri Court of Appeals,
Western District.

Nov. 16, 1982.

J. Kirk Rahm, Warrensburg, for plaintiff-appellant.

Carroll Leffler, Pros. Atty. of Johnson County, Warrensburg, for defendant-respondent.

Before MANFORD, P.J., and WASSERSTROM and KENNEDY, JJ.

MANFORD, Presiding Judge.

This is an appeal from a judgment affirming the action of the Director of Revenue in revoking a motor vehicle operator's license for refusal to submit to a breathalyzer test. The judgment is reversed and the cause remanded.

Two points are presented on this appeal, which charge that the trial court erred in (1) ruling that appellant had the burden of proving he refused to take a breathalyzer examination; and (2) finding that there was sufficient evidence of a refusal to take a breathalyzer examination.

In summary, the record reveals that appellant was operating his motor vehicle in the city of Warrensburg, Missouri when at approximately 1:00 a.m. on October 4, 1981, he was stopped by a local police officer. Appellant was arrested and transported to the local police station. He was asked by the officer to take a breathalyzer test and he orally consented to do so. However, appellant not only refused to sign a consent card, but "marked it up."

Appellant testified that he was requested to blow into the machine, but did not do so because the officer did not give him the chance to do so. Appellant testified, "I took a breath to get a good breath to blow in, and he stopped me." Appellant then testified that the officer told him to do it again. Appellant testified this occurred twice and when he asked to try a third time, the officer refused a third test attempt.

The parties before trial stipulated that there was probable cause for the stop and subsequent arrest for driving while intoxicated.

Respondent called two officers to testify. Both were at the scene when appellant was arrested and both were present at the time the test was offered. The testing officer testified that he administered field sobriety tests at the scene of the arrest, and that when he administered a "heel to toe" test of appellant at the station, appellant leaned against a wall to perform this test. He testified that he attempted to administer a "dialation of the eyes" test but appellant refused to cooperate. The officer further testified that he advised appellant of the breathalyzer test, asked him to submit to the test and informed him that refusal could result in a "year's revocation of his driver's license." The officer stated that appellant agreed orally three times to take the test, but refused to sign and "marked up" the written consent form. The officer then stated that the machine was prepared for the test by use of a checklist. The officer further stated that when he offered the breathalyzer to appellant, the latter was informed that "there was other ways which he could be refused—which would constitute a refusal." The officer explained the procedure "for taking the mouthpiece and blowing into the machine" and stated he told appellant:

"People sometimes try to beat the machine by not blowing into it. They will either blow around it or stick their tongue over the hole and, you know, they won't blow; they will act like they are blowing."

He further testified:

"I informed him the machine would tell me whether he was blowing into the machine, and I could hear the air passing through. I also informed him that the green light would come on, on the machine, when it got the proper amount of air, and if he was trying to avoid by

doing such, that would refuse it. I told him I was going to give him one chance, and I did let him do it three times. Each time he would put his mouth on the mouthpiece, but he wouldn't blow. One time I did hear air passing, but it wasn't going into the machine; it was blowing around the mouthpiece."

The officer then stated that the green indicator light never came on, which would have verified that a sufficient quantity of air had been supplied to complete the test.

The second officer verified the testimony of the first officer witness referenced above. This second officer stated, "And he did proceed to blow into the breathalyzer, but he didn't blow. He sounded like he was blowing around it and the amount needed for the specimen wasn't received." This officer also stated that the green indicator light never "came on."

Appellant's motor vehicle operator's license was revoked by respondent, and appellant filed his petition for review of that revocation. This appeal followed the trial court's affirmance of the revocation.

In a pre-trial conference and over appellant's objection, the trial court ordered that appellant had the burden of proof to establish that one of the three statutory criteria had been violated by the Director of Revenue.

■ Appellant's first charged error presents an issue which has never been ruled in our state. Appellant charges that the trial court erred in requiring him to go first with his evidence and to carry the burden of proof that at least one of the three criteria for revocation was not met by respondent. We think that appellant's contention is correct and advise our trial courts for future cases that the burden of proof rests with respondent and respondent must go first in presenting evidence.

In proceedings such as herein, our statutes [§ 577.050.2, RSMo 1978] prescribe that the trial judge at the hearing shall determine only:

(1) whether or not the person was arrested;

(2) whether or not the arresting officer had reasonable grounds to believe that the person was driving a motor vehicle while in an intoxicated condition, and;

(3) whether or not the person refused to submit to the test.

The applicable statutes do not directly prescribe who bears the burden of proving these matters. Our courts have ruled that proceedings such as the instant case, which come under the "implied consent law",[1] are administrative and civil in nature and not criminal or quasi criminal; that such proceedings are independent of and of no consequence to proceedings relating to a charge of driving under the influence of intoxicants and that the trial court is authorized to determine only whether the person was arrested, whether the officer had reasonable grounds to believe that the driver was driving a vehicle in an intoxicated condition and whether the driver refused to submit to a chemical test. *State v. Byerly,* 522 S.W.2d 18, 20–21 (Mo.App.1975).

We think the state should be required to carry the burden of proof upon the three requirements in order to support a valid revocation as prescribed by § 577.050.2 and that the state is required to offer evidence first on those three requirements in the course of such proceedings. The rationale for this approach is based upon the fact that if there is a negative finding of *any one* of the three requirements, the revocation cannot stand. Thus, in the instant case, the questions of arrest and whether there were reasonable grounds to believe that appellant was intoxicated under the statute were not in issue since the parties had stipulated to those requirements prior to the hearing. However, it is not impossible, nor is it even improbable in a given case that all three requirements are at issue. If that is the case, a petitioner such as appellant herein would be placed in the

---

1. Previously, Chapter 564, RSMo 1969 repealed and transferred to Chapter 577 under SB–60, effective January 1, 1978.

impossible position of ever proving (1) and (2) above. Thus, we agree with appellant's position under point (1) above, and point (1) is sustained in appellant's favor. The declaration by the trial court that appellant bore the burden of proof was an erroneous declaration of the law requiring reversal. *Murphy v. Carron*, 536 S.W.2d 30 (Mo. banc 1976).

With the foregoing in mind, attention is now directed to appellant's point (2) wherein it is charged that the evidence was insufficient to support the trial court's affirmance of the revocation and the finding that appellant refused to take the test.

As noted previously, this case involved only the issue of a refusal to submit to a test within § 577.050.2. The parties stipulated to a valid arrest and that the officer had reasonable grounds to believe appellant was operating his motor vehicle while intoxicated. The remaining question to be resolved is whether the evidence, if believed by the fact finder, was sufficient to support a finding that appellant refused to submit to the test.

■ There is no question that appellant verbally agreed to take the test. Both appellant and the officers testified that appellant verbally agreed to submit. Appellant then testified that he did not blow into the machine because he was prevented from doing so by the testing officer. In contrast, two officers testified that while appellant verbally agreed to submit to the test, he was given three chances to perform the test, but on those occasions, appellant did not blow into the machine, but rather blew around the mouthpiece. As postured, this evidence squarely placed before the trial judge a factual question. This court defers to the trier of fact on such issues and cannot substitute its judgment for that of the trier of fact. Such deference is not limited to the issue of credibility of witnesses, but also to the trial court's conclusions, and all fact issues are deemed to have been found in accordance with the result reached by the trial court. *Stenzel v. State, Dept. of Revenue*, 536 S.W.2d 163 (Mo.App.1976) and Rule 73.01. The standard of review is set forth by the rule in *Murphy v. Carron, supra,* that a judgment by the trial court will not be set aside unless the judgment is against the weight of the evidence, there is no substantial evidence to support it or the judgment erroneously declares or applies the law. In the instant case, the factual decision was determined against an erroneous declaration of law on the burden of proof.

■ In the instant case, appellant's testimony that he verbally agreed to take the test was supported by the testimony of the officers. On the surface, it would appear that the question is resolved because appellant verbally agreed to submit to the test, but further consideration of the question reveals that a refusal can occur in other ways. The most common situation is, of course, those instances where a verbal negative response was made to the request to submit to the test. But refusal can be manifested in other ways. It has been ruled by our courts that a *refusal* is defined as a *"volitional failure to do what is necessary in order that the test can be performed."* *Spradling v. Deimeke*, 528 S.W.2d 759, 766 (Mo.1975) (emphasis added), cited and reaffirmed in *Arnold v. Director of Dept. of Revenue*, 593 S.W.2d 624, 625 (Mo.App.1980).

The evidence, if believed by the fact finder, under the correct declaration of law regarding the burden of proof, reveals that appellant's act in not blowing into the machine and by blowing around the mouthpiece to prevent the necessary quantity of air to proceed into the machine was a "volitional failure to do what is necessary in order that the (chemical) test can (could) be performed" within the statute as construed by *Spradling* and *Arnold, supra.*

■ As noted, the question of sufficiency of the evidence must be determined by the fact finder under and pursuant to the correct rule of law concerning which party bears the burden of proof. However, because of the trial court's error in declaring that appellant bore the burden of proof and was required to go forward first with the

evidence, the sufficiency of the evidence was not determined by the correct rule of law. This requires that the case be remanded for the determination of fact questions within and pursuant to the correct rule of law.

This judgment, for the reasons set forth herein, is reversed and this cause is remanded for further proceedings consistent with this opinion.

All concur.