Michael L. **POSTLEWAIT,**
**Petitioner-Appellant,**

v.

**MISSOURI DEPARTMENT OF REVENUE, Respondent.**

No. 33483.

Missouri Court of Appeals,
Western District.

Dec. 7, 1982.

---

Joseph W. Lampo, Kansas City, for petitioner-appellant.

William M. Van Hook, Asst. Prosecutor, Platte City, for respondent.

Before NUGENT, P.J., and TURNAGE and LOWENSTEIN, JJ.

LOWENSTEIN, Judge.

This appeal is from a judgment affirming an order of the Director of Revenue revoking appellant's Missouri driver's privilege for a period of one year based upon his refusal to submit to a chemical (breathalyzer) test under § 577.050, RSMo.1978,[1] following his arrest for driving while under the influence of alcohol. The court did, however, grant appellant hardship driving privileges for the year.

Appellant, a Kansas resident, asserts the trial court erred in denying his petition to review revocation in that the Court's finding he was informed his driving privilege could be revoked upon refusal to submit to a chemical test as per § 577.050.1 is not supported by substantial evidence. He contends and the uncontradicted testimony at trial was the arresting officer failed to inform appellant that his driving privileges might be revoked if he refused to take the test. Appellant also contends the court erred in denying his petition to review revocation because his alleged refusal to submit to a chemical test was not an effective refusal because he was not advised of his right to consult with counsel under Rule 37.89. Appellant's second point on right to counsel will not be dealt with as his first point states adequate grounds to cause reversal.

These facts are not in dispute. On June 25, 1981, at approximately 11:00 p.m., appellant was stopped for speeding by the highway patrol while driving to the airport to pick up some business supplies. Appellant was required to go through some field sobriety tests. He experienced some difficulty in performing the tests. Appellant admitted to having had a couple of beers earlier in the day. The State Trooper informed appellant he suspected that he had been drinking and he wanted him to take the breathalyzer test at the police station.

1. All statutory references are to Revised Statutes of Missouri, 1978.

On the way to the station, the trooper told appellant he did not have to take the breathalyzer test and appellant told the officer that he did not want to take it. At the station the trooper, in the presence of another officer, asked appellant if he would take the test and the appellant replied, "No". Soon after this incident appellant received notification from the Director of the Missouri Department of Revenue that his driving privileges in Missouri were revoked for one year due to his refusal to submit to the breathalyzer test.

At the hearing on appellant's petition to review revocation, appellant was the only witness to testify. He was examined by his attorney and cross examined by the Platte County prosecutor. Appellant testified the trooper had at no time warned him that his license would be revoked if he did not take the test, and that the trooper did not indicate in any way what would happen if he refused or did not take the test. Appellant had had no prior experience with a breathalyzer test, although he did know that it determined blood alcohol content. The appellant testified that he had no understanding of the alternative to taking the test, *i.e.,* that his driving privilege would be revoked, and that if he had known this he would have taken the test. The above testimony of appellant was uncontradicted by the state, who cross examined the appellant, but put on no evidence whatsoever. None of appellant's testimony could be considered as supplying the element of his being informed as to the consequences of his refusal to take the test.

The governing statute, § 577.050 provides in pertinent part:

1. If a person under arrest refuses upon the request of the arresting officer to submit to a chemical test, which request shall include the reasons of the officer for requesting the person to submit to a test and *which also shall inform the person that his license may be revoked upon his refusal to take the test,* then none shall be given. (Emphasis added.)

The statute also allows for judicial review of this administrative revocation, by a court of record in the county where the arrest occurred. Section 577.050.2 provides in part that the judge on review is to determine only if three requirements were met:

(1) Whether or not the person was arrested,

(2) Whether or not the arresting officer had reasonable grounds to believe that the person was driving a motor vehicle while in an intoxicated condition; and,

(3) *Whether or not the person refused to submit to the test.* (Emphasis added.)

Appellant here contests only the court's finding on requirement (3) of the statute.

In a recent decision, *Askins v. James,* 642 S.W.2d 383 (Mo.App.1982), this court held that the burden of proof is on the state in § 577.050.2 reviews of revocation due to refusal to submit to chemical (breathalyzer) tests. The court noted:

"We think the *state should be required to carry the burden of proof upon the three requirements* in order to support a valid revocation as prescribed by § 577.050.2 and that the *state is required to offer evidence first* on those three requirements in the course of such proceedings. (Emphasis added.) *Id.* at 385.

In the instant case the state not only failed to offer evidence first but offered no evidence at all on the disputed requirement of refusal to take the test.

Our supreme court in *Jones v. Schaffner,* 509 S.W.2d 72, 77 (Mo.1974), in construing the predecessor statute identical to § 577.050 said on the refusal to submit after request there must be a warning given as to the consequences resulting from a refusal by the driver. In *Jones,* the state produced testimony that an officer, not the arresting officer, informed the motorist of the "consequences of refusal" prior to the motorist ultimately deciding not to take the test. The revocation was affirmed in *Jones.* In *Sell v. Goldberg,* 601 S.W.2d 665, 666 (Mo. App.1980); and *Bolling v. Schaffner,* 488 S.W.2d 212, 216 (Mo.App.1972) the state had testimony at trial that the driver had been

given a warning substantially the same as in § 577.050.1 of a years revocation for refusal. The state called the officer to the stand in *Askins* who also gave the driver this statutory warning.

There was no evidence of warning of the "consequences of refusal". The state did not make a case so the finding of the trial court on § 577.050.2(3)[2] is not supported by any evidence and the judgment of the trial court sustaining the revocation order of the Director of Revenue is reversed and remanded to enter its order directing Director of Revenue to reinstate appellant's full driving privileges. The order of hardship privileges is made moot by this holding.

2. As Judge Manford noted in *Askins, supra,* at page 385, "... if there is a negative finding of

*any one* of the three requirements, the revocation cannot stand."