In the ESTATE OF Magdalena I. and John SUDDUTH, Deceased.

Nos. WD 37611, WD 37610.

Missouri Court of Appeals,
Western District.

Oct. 14, 1986.

Lawrence R. McClure, Marshall, for appellant.

Gary W. Fleming, Fleming & Fritz, Inc., Adam B. Fischer, Sedalia, for respondent.

Before LOWENSTEIN, P.J., and MANFORD and GAITAN, JJ.

LOWENSTEIN, Judge.

John and Magdalena Sudduth, husband and wife, were found dead in their home on January 14, 1984. The death certificates indicated Magdalena died at 8:00 a.m. and John died at 10:00 a.m. Both John and Magdalena died of gunshot wounds. The Pettis County Sheriff investigating the scene of the deaths was of the opinion that John killed Magdalena and then took his own life.

John and Magdalena's only substantial asset was the farm they owned by the entirety. Each had an undivided ½ interest in the farm which was inventoried in their respective estates. Both John and Magdalena left wills which provided specific provisions through which their interests in the farm would pass. The couple's wills differed drastically, however, in their distribution schemes and provisions for the couple's children.

John and Magdalena left five children, one of whom was mentally handicapped. Two children had predeceased the couple. Under John's will, his ½ interest in the farm passed to the trustees for the handicapped daughter in trust for her lifetime. The trust remainder was devised in portions to the couple's four other living children and to the issue of the two deceased

children. Under Magdalena's will, her ½ interest in the farm passed to three of the living children and to the trustee for the handicapped daughter, in trust for her lifetime. The trust remainder was devised to the same three children. One living child and the issue of the two deceased children were specifically omitted from Magdalena's will. These omitted heirs are the appellants in this action.

The appellants brought this suit in the Probate Division against the personal representatives of John and Magdalena's estates, the respondents in this court. Appellants' claim that because Magdalena died first, her ½ interest in the farm passed to John, leaving his estate with sole ownership of the farm property. Appellants petitioned to strike Magdalena's ½ interest in the farm from the inventory of her estate and petitioned to add it to the inventory of John's estate.

The respondent's personal representatives then moved to dismiss appellants' petitions. The trial court overruled the motion and a consolidated evidentiary hearing was held on both petitions. No further responsive pleadings were filed by the respondents.

Extensive testimony and evidence concerning the circumstances of John and Magdalena's deaths was presented at the hearing. Sheriff Emmett Fairfax testified that Magdalena was found lying face down on the floor in an east room of the house. John was found slumped in a chair at the kitchen table. Fairfax found a shotgun and a cane on the floor not far from John's body. Fairfax testified that powder burns were found on John's clothing near his chest, indicating that he was shot at point blank range. Powder burns were found around the upper back portion of Magdalena's clothing. Fairfax testified that in his opinion, John had killed Magdalena with the shotgun and then used the cane to discharge the gun upon himself. Fairfax stated, "there was no question in my mind that it was a murder-suicide."

Respondents also introduced into evidence a note written in John's handwriting, which was found by Fairfax in John's bedroom during the death scene investigation. The note was undated and stated in part, "I know this will be one hell of a big surprise, but it was not caused by anything ... your momma is nuts. And if she is left, she will end up in Fulton or Nevada and go nuts. This way everything can be settled at once. As both me and Ruth will be buried in standard vault. No need for fancy casket, just plain wood casket, can be yellow pine...."

After considering this evidence, the circuit court found that John intentionally killed Magdalena and then took his own life. The appellant's petitions to put the property in John's estate were consequently denied, leaving both estates with a ½ interest in the farm. The circuit court's order denying the petitions must be affirmed unless there is no substantial evidence to support it, unless it is against the weight of evidence or unless it erroneously applies the law. *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976).

Property held in tenancy by the entirety creates an estate between husband and wife where each spouse owns a ½ indivisible portion of the whole estate. *Kenny's Tile & Floor Covering, Inc. v. Curry*, 681 S.W.2d 461, 467 (Mo.App.1984). When one spouse dies, the other spouse succeeds to ownership of the whole title. *Estate of Huskey v. Monroe*, 674 S.W.2d 205, 213 (Mo.App.1984). A spouse that survives the other only briefly is still entitled to the whole entireties estate. *Schmitt v. Pierce*, 344 S.W.2d 120, 123 (Mo.1961).

Where a surviving spouse is guilty of wrongdoing, however, courts will use equitable principles to prevent the wrongdoer from benefitting from his acts. *Higgens v. McElwee*, 680 S.W.2d 335, 342 (Mo. App.1984). This is so because, "One must not only be a survivor in fact but also in contemplation of law. Indespensable is the prerequisite that decease must be in the ordinary course of events and subject only to the vicissitudes of life. The killer can assert no right to complete ownership as

survivor. Equity will not allow him to profit by his own crime." *Grose v. Holland,* 357 Mo. 874, 211 S.W.2d 464, 467–67 (Mo.1948). When one spouse kills the other, the tenancy by entirety is converted to a tenancy in common and the estate of each spouse is entitled to ½ of the entirety estate. *Barnett v. Couey,* 224 Mo.App. 913, 27 S.W.2d 757, 760 (1930); *Higgens v. McElwee, supra.* John's intentional killing of Magdalena prevents his estate from receiving the entire title to the farm and instead vests in both Magdalena and John, a ½ interest in the property.

In this appeal, the appellants do not quarrel with the principles outlined above, but attack the circuit court's finding that John intentionally killed Magdalena. This argument has two prongs. First, the appellants claim respondent's pleadings are defective because the pleadings do not raise John's responsibility for Magdalena's death as an affirmative defense. Second, the appellants argue there was not substantial evidence to support the circuit court's finding that John intentionally killed Magdalena.

■ Appellant's first point is denied because the issue of John's responsibility for Magdalena's death was tried without objection by the parties. Under Rule 55.33(b): "When issues not raised by the pleadings are tried by express or implied consent of the parties, they shall be treated in all respects as if they had been raised in the pleadings." Issues tried without objection are deemed to be tried with the implied consent of the parties. *Rufkahr Construction Co. v. Weber,* 658 S.W.2d 489, 499 (Mo.App.1983). In *Kufkahr,* the defendant argued that laches, estoppel and unclean hands barred the plaintiff's specific performance remedy. The plaintiff claimed that these grounds did not bar specific performance because the defendant did not raise them as affirmative defenses in its pleadings. The court found that the defenses were tried without objection and thus with the implied consent of the parties.

■ The appellants tried the issue of John's culpability for the death of his wife without objection. In fact, this issue was at the very heart of the hearing in the trial court. The appellants never objected to the evidence or argued the evidence was outside the scope of the pleadings. The appellants were not surprised or harmed in any way by the respondent's failure to plead the affirmative defense. Respondent's defective pleadings can not negate the testimony, evidence and fact that the issue was tried without objection in the circuit court. The first point is denied.

■ Appellants' second point challenges the evidence as being insufficient to establish that John intentionally killed Magdalena. Proper deference must be given to the trial court's ability to judge the credibility of the witnesses and weigh the evidence. *Askins v. James,* 642 S.W.2d 383, 386 (Mo. App.1982). Appellants have not, under the applicable scope of review of a court tried case, pointed to any evidence that would detract from the trial court's findings. The facts as found by the court reflect the only substantial evidence as to how and when the deaths occurred. The speculation now offered by the appellants as to a different scenario, *i.e.,* of an outsider killing the couple is just that. The trial court's findings and conclusions were correct and do not warrant a reversal. The appellants' second point is denied.

The judgment of the circuit court is affirmed.

All concur.