David Wayne POOL, Plaintiff–
Respondent,

v.

Janette M. LOHMAN, Director of
Revenue, State of Missouri,
Respondent–Appellant.

No. 20803.

Missouri Court of Appeals,
Southern District,
Division One.

Dec. 13, 1996.

Jeremiah W. (Jay) Nixon, Attorney General, Charles L. Gooch, Special Assistant Attorney General, Mo. Dept. of Revenue, for appellant.

No brief filed by Respondent.

PREWITT, Judge.

Plaintiff sought "trial de novo" following the suspension of his privileges to operate a motor vehicle. The petition alleged that Plaintiff was arrested on March 4, 1995, for driving while intoxicated; that his driving privileges were suspended as a result of the arrest; which suspension was sustained following an administrative hearing. Defendant–Appellant admitted these allegations.

Following non-jury trial, the trial court ordered that Plaintiff's driving privileges be reinstated. Defendant appeals presenting one point relied on.[1]

Review is under Rule 73.01. "As that rule is interpreted, this Court is to affirm the trial court's determination, unless it is not supported by any substantial evidence, it is against the weight of the evidence, it erroneously declares the law, or it erroneously applies the law." *Fischer v. Director of Revenue*, 928 S.W.2d 424, 425 (Mo. App.1996). "Deference to the trial court's findings is not required when the evidence is uncontroverted and the case is virtually one of admitting the facts or when the evidence is not in conflict." *Justice v. Director of Revenue*, 890 S.W.2d 728, 730 (Mo.App.1995).

The Director of Revenue is authorized by Section 302.505.1, RSMo 1994, to suspend an operator's license if the person is arrested upon probable cause for driving while intoxicated or driving with an excessive blood alcohol concentration, and chemical analysis reveals a blood alcohol concentration exceeding the legal limit. *Fitzgerald v. Director of Revenue*, 922 S.W.2d 478, 480 (Mo. App.1996). *See also Stewart v. Director of Revenue*, 702 S.W.2d 472, 475 (Mo. banc 1986). Probable cause for the arrest and chemical analysis demonstrating a blood alcohol content of .10% or more fully satisfies the requirement of § 302.505.1. *Fitzgerald*, 922 S.W.2d at 480.

Defendant–Appellant contends that setting aside the revocation of Plaintiff's driving privileges was erroneous because the trial court based its judgment upon evidence of an issue judicially admitted and the judgment was otherwise against the weight of the evidence. This contention is premised upon the trial court's finding that Plaintiff was issued a traffic citation for the offense on February 4, 1995, and that a checklist pertaining to a chemical analysis of blood-alcohol concentration performed through a breathalyzer test was also filled out on that date. The trial judge ruled for Plaintiff on two specific basis: (1) that there was no maintenance check performed on the breathalyzer machine within thirty-five days of Plaintiff's test, as required under 19 C.S.R. 20–30.031(3), citing in the court's order *Sellenriek v. Director of Revenue*, 826 S.W.2d 338 (Mo. banc 1992); (2) that the certification and Department of Health data checklist performed February 4, 1995, does not allow proper foundation for the blood-alcohol content test made on March 4, 1995, citing *Collins v. Director of Revenue*, 691 S.W.2d 246 (Mo. banc 1985).

The apparent basis for these findings was the arresting officer dating the traffic citation and checklist as February 4, 1994. All other documents show that it occurred on March 4, 1995. The arresting officer acknowledged that he may have erred on the date that he put on the traffic citation and checklist.

---

1. Plaintiff–Respondent has not filed a brief in this Court. Although there is no penalty for failure to file a brief, this leaves the Court to decide the case without the benefit of Respondent's authorities and contentions. *Fitzgerald v. Director of Revenue*, 922 S.W.2d 478, 479 n. 3 (Mo.App.1996).

As earlier mentioned, Plaintiff alleged that the arrest occurred on March 4, 1995, and Defendant admitted that and other allegations of the petition. Thus, the date of Plaintiff's arrest is established as being on that date. "Allegations in a petition, admitted in an answer, are judicial admissions on that issue." *Webb v. Finley,* 806 S.W.2d 501, 503 (Mo.App.1991). A judicial admission establishes for the purpose of litigation that a certain proposition is correct. *Id.*

The date of the arrest being viewed as March 4, 1995, *Sellenriek* does not support the judgment. A maintenance report on the breathalyzer machine was admitted without objection showing that it was checked on February 26, 1995. There was no real dispute but that the checklist of the machine was prepared shortly after the arrest. Any other finding would appear to be contrary to the evidence. Thus, *Collins* does not support the judgment.

In *Reinert v. Director of Revenue,* 894 S.W.2d 162, 164 (Mo. banc 1995), as here, the testimony of the arresting officer was unequivocal and there was no contrary evidence. Here, there was the error in dates made by the officer, but there was no dispute when the events occurred. In *Reinert,* the Supreme Court rejected a contention that the trial judge might not have found the testimony to be credible. Based upon the evidence and the judicial admissions, the suspension was correct and there was no basis under the evidence or the law for the trial court to have found otherwise. The trial court's judgment was not supported by substantial evidence and was against the weight of the evidence.

The judgment of the trial court is reversed. The case is remanded to the trial court with directions to enter judgment reinstating the suspension of Plaintiff–Respondent's driving privileges.

BARNEY, P.J., and GARRISON, J., concur.