**Brent L. KINZENBAW, Respondent,**

v.

**DIRECTOR OF REVENUE, Appellant.**

No. SC 83802.

Supreme Court of Missouri,
En Banc.

Dec. 18, 2001.

---

Jeremiah W. (Jay) Nixon, Atty. Gen., James R. Layton, State Solicitor, Alana M. Barragan-Scott, Deputy Solicitor, James A. Chenault, III, Sp. Asst. Atty. Gen., Mo. Dept. of Revenue, Jefferson City, for Appellant.

Tom Sinder, Timothy R. Cisar, Lake Ozark, for Respondent.

MICHAEL A. WOLFF, Judge.

The director of revenue suspended Brent L. Kinzenbaw's driver's license for ten years on the grounds that Kinzenbaw has been convicted more than twice of driving while intoxicated. Kinzenbaw filed a petition in circuit court to review the suspension. The statute provides for "de novo" review.

The director filed an answer that included the administrative record upon which the suspension was based. At the circuit court hearing, neither party introduced evidence. The court held that the director

failed to carry her "burden of proof" and entered judgment setting aside the denial of the license.

For reasons that follow, the Court holds: Kinzenbaw has the burden of producing evidence that he is qualified for a driver's license, and the director has the burden of producing evidence that he is not. The director meets her burden by introducing the administrative record. The burden of persuasion, as distinct from the burden of producing evidence, is at all times on Kinzenbaw and never shifts. It is Kinzenbaw's burden to prove that the facts on which the director relied in denying the license are not true or are legally insufficient to support the denial or suspension of the license.

The circuit court's judgment is reversed and remanded.

**The Pleadings and Record in the Circuit Court**

Kinzenbaw had a driver's license. The director notified Kinzenbaw, in the words of his circuit court petition admitted in the director's answer, "that the Operator's license previously issued by the Missouri Department of Revenue ... will be suspended for a period of ten years for the alleged reason that the Plaintiff (Kinzenbaw) has been convicted three or more times of driving while intoxicated." Kin-

zenbaw's petition in the circuit court is labeled as a "Petition to review suspension of driver's license." The director's answer treats the administrative action as a denial of Kinzenbaw's "application for driving privileges" under section 302.060(9).[1] Whether a suspension or a denial of a license, the pleadings establish that the reason Kinzenbaw does not have a driver's license is the director's assertion that Kinzenbaw has three convictions for driving while intoxicated. From the pleadings, it appears that he is otherwise eligible.

In the director's answer, she "affirmatively states and alleges" that Kinzenbaw has a "BAC" conviction in Morgan County in 1993, a "DWI" conviction in Iowa in 1998, and a "DWI" conviction in Camden County in 1999. Attached to the director's answer and incorporated by reference is the administrative record purporting to show these convictions.

The circuit court hearing was brief; in its entirety the transcript consists of 31 lines. The prosecuting attorney representing the director said: "I would present no evidence at this time, your honor."

Kinzenbaw's attorney's entire case was: "We present no evidence, your honor. We'd ask for a judgment in our favor— based upon a lack of evidence presented by the Department of Revenue."

1. Section 302.060(9) RSMo 2000, states in full: "To any person who has been convicted more than twice of violating state law, or a county or municipal ordinance where the judge in such cases was an attorney and the defendant was represented by or waived the right to an attorney in writing, relating to driving while intoxicated; except that, after the expiration of ten years from the date of conviction of the last offense of violating such law or ordinance relating to driving while intoxicated, a person who was so convicted may petition the circuit court of the county in which such last conviction was rendered and the court shall review the person's habits and conduct since such conviction. If the court

finds that the petitioner has not been convicted of any offense related to alcohol, controlled substances or drugs during the preceding ten years and that the petitioner's habits and conduct show such petitioner to no longer pose a threat to the public safety of this state, the court may order the director to issue a license to the petitioner if the petitioner is otherwise qualified pursuant to the provisions of sections 302.010 to 302.540. No person may obtain a license pursuant to the provisions of this subdivision through court action more than one time."

All statutory references are to RSMo 2000, unless otherwise indicated.

Thereupon, the court observed that "the Director has the burden of going forward with the evidence ... and failed to do so...." When the trial court entered its written judgment in favor of Kinzenbaw the court said the department of revenue "failed to meet its burden of proof."

The director appealed. This court granted transfer after opinion by the court of appeals. We have jurisdiction. *Mo. Const. art. V, section 10.*

## The Statutory Scheme

Section 302.311 [2] provides an appeal to the circuit court of the driver's residence where a driver's license is suspended or application for driver's license is denied. The appeal is to be "in the manner provided by chapter 536, RSMo, for the review of administrative decisions...." In the circuit court appeal, "the cause shall be heard de novo and the circuit court may order the director to grant such license, sustain the suspension or revocation by the director, set aside or modify the same, or revoke such license."

■ The statute has two key directives. First, the cause is heard "de novo," a common Latin phrase meaning "anew." [3] When a matter is heard "de novo," the parties start over and there is no particular deference given to prior proceedings, in this case, the administrative record on which the director's decision was based. *Jenkins v. Director of Revenue,* 858 S.W.2d 257, 260 (Mo.App.1993). The second directive of section 302.311 is that the matter is to be heard in the manner provided in chapter 536, which governs administrative appeals. In the parlance of chapter 536, there are "contested" cases and "noncontested" cases. A contested case is one where the administrative agency has rendered a decision following a hearing. Section 536.010(2); *Benton–Hecht Moving & Storage, Inc. v. Call,* 782 S.W.2d 668 (Mo.App.1990). Since there was no hearing (or "contest") at the agency, Kinzenbaw's case is "noncontested" and is thus governed by section 536.150. [4]

**2.** Section 302.311 states in full: "In the event an application for a license is denied or withheld, or in the event that a license is suspended or revoked by the director, the applicant or licensee so aggrieved may appeal to the circuit court of the county of his residence in the manner provided by chapter 536, RSMo, for the review of administrative decisions at any time within thirty days after notice that a license is denied or withheld or that a license is suspended or revoked. Upon such appeal the cause shall be heard de novo and the circuit court may order the director to grant such license, sustain the suspension or revocation by the director, set aside or modify the same, or revoke such license. Appeals from the judgment of the circuit court may be taken as in civil cases. The prosecuting attorney of the county where such appeal is taken, shall appear in behalf of the director, and prosecute or defend, as the case may require."

**3.** BLACK'S LAW DICTIONARY 435 (Seventh ed.1999).

**4.** Section 536.150 states in full: "1. When any administrative officer or body existing under the constitution or by statute or by municipal charter or ordinance shall have rendered a decision which is not subject to administrative review, determining the legal rights, duties or privileges of any person, including the denial or revocation of a license, and there is no other provision for judicial inquiry into or review of such decision, such decision may be reviewed by suit for injunction, certiorari, mandamus, prohibition or other appropriate action, and in any such review proceeding the court may determine the facts relevant to the question whether such person at the time of such decision was subject to such legal duty, or had such right, or was entitled to such privilege, and may hear such evidence on such question as may be properly adduced, and the court may determine whether such decision, in view of the facts as they appear to the court, is unconstitutional, unlawful, unreasonable, arbitrary, or capricious or involves an abuse of discretion; and the court shall render judgment accordingly, and may order the administrative officer or body

■ In the context of a driver's license, the pertinent portions of the statute say that "in any such review proceeding, the court may determine the facts relevant to the question" whether the driver or applicant "had such right, or was entitled to such privilege." Further, "the court may determine whether such decision, in view of the facts as they appear to the court, is unconstitutional, unlawful, unreasonable, arbitrary, capricious or involves an abuse of discretion...."

The statutes, section 302.311 and section 536.150, construed together, do not explicitly allocate burdens of pleading and proof. In actuality, substantive statutes that are explicit in their procedural effects—such as allocating burdens of pleading and proof—are exquisite treasures. But they are rare. In most instances, including this one, courts are left to search the statutory language for clues.

There are some clues. Both sections put the burden on the aggrieved driver to "appeal" (the term used in section 302.311) or bring "suit" or "other appropriate action" (the words of section 536.150). That the proceeding is "de novo" would imply that that the person

bringing the action bears burdens similar to those borne by plaintiffs or petitioners in other civil actions. And the directive, in the words of section 536.150, that the court may determine that the administrative action is "unconstitutional, unlawful, unreasonable, arbitrary or capricious, or an abuse of discretion" would likewise place the burden on the driver to show that the administrative action should be set aside for one or more such reasons. The court, according to these statutory sections, must determine "facts" and its proceeding is "de novo."

Those who enact statutes can expect that courts will allocate burdens of pleading and proof in traditional ways that show common sense, fairness and faithfulness to the statutory language and purpose.[5]

■ When courts discuss the burden of proof, there are two components: the burden of producing (or going forward with) evidence and the burden of persuasion. *See McCloskey v. Koplar,* 329 Mo. 527, 46 S.W.2d 557, 561–63 (1932).[6] Cases also refer to a burden of pleading, which in most instances simply is assigned to the party with the burden of proof on an issue. *See, e.g., Menzenworth v. Metropolitan*

---

to take such further action as it may be proper to require; but the court shall not substitute its discretion for discretion legally vested in such administrative officer or body, and in cases where the granting or withholding of a privilege is committed by law to the sole discretion of such administrative officer or body, such discretion lawfully exercised shall not be disturbed.

2. Nothing in this section shall apply to contested cases reviewable pursuant to sections 536.100 to 536.140.

3. Nothing in this section shall be construed to impair any power to take summary action lawfully vested in any such administrative officer or body, or to limit the jurisdiction of any court or the scope of any remedy available in the absence of this section."

5. *See generally* Edward W. Cleary, *Presuming and Pleading: An Essay on Juristic Immatu-*

*rity,* 12 STAN. L.REV. 5 (1959). *Compare Gomez v. Toledo,* 446 U.S. 635, 100 S.Ct. 1920, 64 L.Ed.2d 572 (1980), *with St. Mary's Honor Ctr. v. Hicks,* 509 U.S. 502, 113 S.Ct. 2742, 125 L.Ed.2d 407 (1993).

6. The common understanding, as set forth in Black's Law Dictionary, is that the burden of persuasion is "a party's duty to convince the fact-finder to view the facts in a away that favors that party." BLACK'S LAW DICTIONARY 190 (Seventh ed.1999). The burden of producing evidence is "a party's duty to introduce enough evidence on an issue to have the issue decided by the fact-finder, rather than decided against the party in a peremptory ruling such as a summary judgment or a directed verdict." *Id.*

*Life Insurance Co.,* 249 S.W. 113, 115 (Mo. App.1923).

While drafters of legislation may overlook explicit allocations of these burdens, courts cannot. The adjudicatory role makes it necessary to set forth explicitly the burdens that each party must assume in litigation.

### Allocating the burdens

The driver bears initially the burden of producing evidence that he is entitled to a license. Kinzenbaw has pleaded that he has had a driver's license and that the director notified him that the license would be suspended for ten years because he has been convicted three or more times for driving while intoxicated. The director's answer, in admitting that Kinzenbaw had been duly licensed, discharges Kinzenbaw's burden of producing evidence that he was licensed and otherwise eligible for a license. The director's answer also pleads and puts at issue the reason for the suspension—the three asserted convictions for driving while intoxicated.

■ The director's answer attaches the administrative record showing the three convictions. Section 302.312.1 RSMo Supp.1997, makes such record, when properly certified, "admissible as evidence."[7] The statute does not, in a de novo hearing, put the record in evidence or otherwise discharge the director's burden of producing evidence. *Wampler v. Director of Revenue,* 48 S.W.3d 32, 35 (Mo. banc 2001).[8]

■ In this case, as *Wampler* indicates, the director must offer the evidence she has—the administrative record. This burden of producing evidence does not shift the burden of persuasion to the director. The burden of persuasion remains with the driver.[9]

The administrative record, when admitted into evidence by the trial court, is evidence that Kinzenbaw has three convictions for driving while intoxicated and supports the director's suspension of the license.

While the director's burden is satisfied by the introduction of the administrative record, it is the driver's burden to show that the facts that purport to be established by the administrative record are not true or that the grounds for the suspen-

7. Section 302.312.1 states in full: "Copies of all papers, documents, and records lawfully deposited or filed in the offices of the department of revenue or the bureau of vital records of the department of health and copies of any records, properly certified by the appropriate custodian or the director, shall be admissible as evidence in all courts of this state and in all administrative proceedings."

8. *See generally Askins v. James,* 642 S.W.2d 383 (Mo.App.1982) ("the applicable statues do not directly prescribe who bears the burden of proving these matters," but nonetheless, "We think the state should be required to carry the burden of proof." *Id.* at 385). To the extent that *Askins* is read to place a burden of persuasion on the director under section 302.311, it should no longer be followed.

9. In the *Wampler* case, as relevant here, the director argued only that the director was not obligated to formally offer into evidence the certified records supporting her administrative action, and that the trial court was required to review the certified administrative record that was filed with the answer before the hearing. *Id.* at 35. Not until the motion for rehearing in this Court did the director mention the burden of proof. Issues raised for the first time in a motion for rehearing will not be considered. *Irwin v. Globe–Democrat Pub. Co.* 368 S.W.2d 452, 458 (Mo.), *cert. denied,* 375 U.S. 908, 84 S.Ct. 198, 11 L.Ed.2d 147 (1963).

In *Wampler,* the driver presented no evidence but prevailed. 48 S.W.2d at 34. In this case, the driver presented no evidence, but faces a remand. *Wampler* should not be read more broadly than the issues decided there.

sion are unlawful, unconstitutional, or otherwise insufficient under section 536.150 to support the director's action.[10] For example, if Kinzenbaw were to contend that he is not the person convicted of driving while intoxicated in Iowa in 1999, it is his burden to produce evidence and persuade the trial court that the administrative record is incorrect.

To use another example, if Kinzenbaw were to claim that one of the purported convictions is legally insufficient to form the basis for a license suspension under the applicable statute, it is his burden to establish that proposition.

**Conclusion**

The trial court granted relief to Kinzenbaw after a hearing in which neither side produced evidence. The record, as established by Kinzenbaw's pleading and the director's answer, is that Kinzenbaw was notified of his license suspension because of three convictions for driving while intoxicated. At the time of the hearing, the director did not have the benefit of this Court's decision in *Wampler* that providing the administrative record in the answer is not sufficient to carry the director's burden of going forward with the evidence. A remand is appropriate for a hearing consistent with the allocation of the burden of producing evidence and the burden of persuasion set forth in this opinion. The judgment of the trial court is reversed and the cause is remanded.

WHITE, HOLSTEIN, BENTON, LAURA DENVIR STITH and PRICE, JJ., concur; LIMBAUGH, C.J., concurs in separate opinion filed.

STEPHEN N. LIMBAUGH, JR., Chief Justice, concurring.

I agree that the case should be reversed and remanded for a new hearing, but I write separately to express my partial disagreement with the majority's rationale. My concern is that the majority has misallocated to the Director of Revenue the "burden of producing evidence" that Kinzenbaw is not qualified for a driver's license and improperly requires the Director to introduce the administrative record to meet that burden. In my view, this case should be resolved simply by holding that the only party with any burden of proof, whether couched as a burden of producing evidence or a burden of persuasion, is Kinzenbaw—the party contesting the suspension. Indeed, the majority acknowledges as much by stating that "Both sections [302.311 and 536.150] put the burden on the aggrieved driver to 'appeal,' (the term used in section 302.311) or bring 'suit' or 'other appropriate action' (section 536.150)[and] that the proceeding is 'de novo' would imply that the person bringing the action bears burdens similar to those borne by plaintiffs or petitioners in other civil actions." Here, as in other civil actions, the burden of producing evidence should not shift to the Director until Kinzenbaw has made a *prima facie* case that he was entitled to relief. *See Frank v. Wabash R.R.*, 295 S.W.2d 16, 22 (Mo.1956) (the burden of going forward with the evidence does not shift until a *prima facie* case is made, although the burden of proof remains with the party bearing the affirmative of the issue throughout.) *See also Connaway v. Walters*, 786 S.W.2d 913, 918 (Mo.App.1990); *Hautly Cheese Co. v. Wine Brokers, Inc.*, 706 S.W.2d 920, 922 (Mo.App.1986).

---

**10.** *See Johnston v. Director of Revenue*, 762 S.W.2d 444 (Mo.App.1988), where the court said the submission of the administrative record to the circuit court by the director is sufficient. *See also Kinder v. Director of Revenue*, 895 S.W.2d 627, 629 (Mo.App.1995).

I suppose that the majority, by requiring the Director to introduce the administrative record before Kinzenbaw makes a *prima facie* case, is attempting to reconcile dicta in *Wampler v. Director of Revenue,* 48 S.W.3d 32, 35 (Mo. banc 2001), that "[t]he Director is required, as are proponents in other de novo civil cases, to put into evidence that which the fact finder is asked to consider." To be sure, *Wampler* correctly decided that the Director must affirmatively introduce into evidence the record from the administrative proceedings when the Director is the "proponent" of the information contained in that record. But, the question of whether the Director is a "proponent" in such a civil case was not raised or addressed in *Wampler,* and the Court simply wrongly assumed that the Director carried the burden of proof/burden of producing evidence.

Here, Kinzenbaw's burden of proof is necessarily determined by the elements of Kinzenbaw's claim under the statute authorizing the appeal, section 302.311, RSMo 2000. There are only two elements to the claim: 1) that the Director suspended Kinzenbaw's driver's license, and 2) that the suspension was unlawful. Kinzenbaw must plead and prove these elements in the same way as in any other civil case. In fact, Kinzenbaw's petition sets out specific allegations relating to each of the two elements (see Appendix A attached) and has tacitly committed himself to prove the allegations. Obviously, in order to prove that the suspension was unlawful, the record on which the suspension was based (usually the documentation of petitioner's state or municipal convictions) must first

be introduced. Only then does plaintiff have the point of reference to contest those parts of the record he contends are legally insufficient to support the suspension.

As a practical matter, Kinzenbaw should have no problem in proving the contents of the administrative record. After all, he alleges in the last paragraph of his petition that the records were made available to him by the Director. But, in fact, it is unnecessary for him to offer into evidence any affirmative proof of the record whatsoever because the records were attached to the answer filed by the Director and, as such, constitute a judicial admission of which the court can take judicial notice. *See Wehrkamp v. Watkins Motor Lines, Inc.,* 436 S.W.2d 698, 715–16 (Mo.1969); *Stroup v. Leipard,* 981 S.W.2d 600, 604 (Mo.App.1998); *Pool v. Lohman,* 936 S.W.2d 195, 197 (Mo.App.1996). In effect, the Director, herself, has proved up the records, thus relieving Kinzenbaw of that requirement. Contrary to Kinzenbaw's assertion that the Director's answer "pleads and puts at issue the reasons for the suspension," the answer takes the issue out of contention.

In sum, I would hold that Kinzenbaw, rather than the Director, had the burden of introducing the administrative record and that Kinzenbaw's failure to do so in this case precluded the relief he sought. Because of the confusion in the law as a result of the dicta in the *Wampler* decision, I would remand the case for a new hearing to allow Kinzenbaw to meet his burden of proof.

## APPENDIX A

## IN THE CIRCUIT COURT OF MORGAN COUNTY, MISSOURI

## ASSOCIATE CIRCUIT JUDGE DIVISION

BRENT L. KINZENBAW, Petitioner

vs.

DIRECTOR OF REVENUE, STATE OF MISSOURI, Respondent.

CASE NO. CV1099-305AC

### FILED DEC. 20, 1999
### MORGAN COUNTY CIRCUIT COURT
### ASSOCIATE & PROBATE DIVISION
### PETITION TO REVIEW SUS-PENSION OF DRIVER'S LICENSE

COMES NOW Plaintiff and for his cause of action informs the Court as follows:

1. Plaintiff is now and at all times hereafter concerned, has been a resident of the County of Morgan, the State of Missouri now residing at 31237 Highway 5, Gravois Mills, Missouri 65037.

2. Defendant, Director of Revenue is now and at all times hereafter concerned, has been the Director of Revenue for the Missouri Department of Revenue, State of Missouri with offices in the County of Cole, City of Jefferson, State of Missouri. The actions complained of herein have been taken by Defendant in his capacity as said Director of Revenue in the State of Missouri.

3. Defendant has notified Plaintiff that the Operator's License previously issued by the Missouri Department of Revenue to Plaintiff, to wit: No. 478–88–6654 will be suspended for a period of ten years for the alleged reason that the Plaintiff has been convicted three or more times of driving while intoxicated.

4. The proposed revocation of Plaintiff's Operators License is improper and not supported by the record in that Plaintiff has not been convicted by a court of competent jurisdiction for a sufficient number of traffic offenses within the time required to warrant the imposition of the penalty points proposed by the Defendant.

5. The proposed action by the Defendant is improper and illegal in that there is no basis upon which the Defendant may assess penalty points against Plaintiff since the alleged convictions of Plaintiff do not, in fact constitute convictions for traffic offenses which would warrant or support the imposition of penalty points.

6. Records made available to the Defendant by the Department of Revenue reflect that the alleged convictions of Plaintiff are improper and without foundation and that no court of proper jurisdiction convicted Plaintiff for any of the offenses.

WHEREFORE, Plaintiff prays that the revocation of Plaintiff's Operator's License aforesaid and his privilege to operate a motor vehicle within the State of Missouri be set aside and held for naught and that all records alleging to support the imposition of penalty points against the driving record of the Plaintiff be removed from such records by Defendant by order of this court.

/s/   Timothy R. Cisar

TIMOTHY R. CISAR #31271

INGLISH & MONACO, P.C.

2140 BAGNELL DAM BLVD., SUITE 401

LAKE OZARK, MO 65049

573-964-6211

ATTORNEY FOR PETITIONER