Jason Paul GRANTHAM, Appellant,

v.

DIRECTOR OF REVENUE, Respondent.

No. ED 79332.

Missouri Court of Appeals, Eastern District, Division Four.

Feb. 5, 2002.

---

Carl Matthew Ward, Clayton, MO, for Appellant.

Carol Lea Barnard, St. Louis, MO, for Respondent.

SHERRI B. SULLIVAN, Presiding Judge.

### Introduction

Jason Paul Grantham (Driver) appeals from a trial court judgment sustaining a ten-year denial of Driver's driving privileges by the Director of Revenue (Director) under Section 302.060(9).[1] We reverse and remand to the trial court for a hearing consistent with the allocation of burdens for a cause of action brought under Section 302.311 as set forth in the Missouri Supreme Court's recent decision in *Brent L. Kinzenbaw v. Director of Revenue*, 62 S.W.3d 49 (Mo. 2001).

### Factual and Procedural Background

In March 2000, Driver applied for and was denied a Missouri commercial driver's license by Director. Director also notified Driver that his driving privileges were being denied for a period of ten years, effective December 22, 1997, because he had been convicted three times for offenses related to driving while intoxicated. Director relied on the following actions for the convictions: (1) February 14, 1990 DWI Perry County Juvenile Court Missouri; (2) March 18, 1992 DWI Perry County Missouri; and (3) December 22, 1997 DWI Randolph County Illinois.

Subsequently, Driver filed a Petition to Review Denial of Driver's License (Petition) with the trial court pursuant to Section 302.311, to which Director filed an Answer. On October 16, 2000, a *de novo* hearing was held. On November 15, 2000, the trial court entered a judgment sustaining Director's ten-year denial of Driver's driving privileges. In its judgment, the trial court stated:

> All factual issues are determined in [Director's] favor. [Director] sufficiently established that [Driver] received three driving while intoxicated convictions within ten years. [Director] has the legal right to deny [Driver] a driver's license. See Section 302.060(9).

Subsequently, Driver filed a Motion for New Trial. The trial court did not rule on the motion within ninety days from its filing, and thus it is deemed overruled. *See* Rule 78.06.[2] Driver appeals from the judgment of the trial court.

### Discussion

In his point on appeal, Driver argues that the trial court erred because its judgment was unsupported by substantial evidence in that Director failed to prove by a preponderance of the evidence that Driver was convicted more than twice of violating state law relating to driving while intoxicated. Driver specifically challenges the Perry County Juvenile Court action and the Randolph County Court action.

---

1. All statutory references are to RSMo.2000, unless otherwise indicated.

2. All rule references are to Mo. R. Civ. P.2001, unless otherwise indicated.

In its recent decision in *Kinzenbaw*, the Missouri Supreme Court "set forth explicitly the burdens that each party must assume" in a cause of action brought under Section 302.311. First, the driver bears the initial burden to produce evidence that he is entitled to a license. The burden then shifts to the director to produce evidence of the reasons for the adverse action. The director may satisfy this burden by introducing the administrative record into evidence. The burden then shifts back to the driver to prove that the administrative record is not true or that the grounds for the suspension are unlawful, unconstitutional, or otherwise insufficient to support the director's action.

Driver's case was tried prior to the release of *Kinzenbaw*, and thus the parties did not have the benefit of the decision for instruction in the presentation of the case nor did the trial court for its determination of the issues.

### Conclusion

Justice requires a remand for the trial court to make its determination as to whether Director was entitled to deny Driver's driving privileges under Section 302.060(9) in light of the Missouri Supreme Court's *Kinzenbaw* decision. Accordingly, we reverse and remand to the trial court for a hearing consistent with the allocation of burdens for a cause of action brought under Section 302.311 as set forth in *Kinzenbaw*.[3]

LAWRENCE G. CRAHAN, and LAWRENCE E. MOONEY, JJ., concur.

---

**3.** Driver's Motion to Strike [Director's] "Supplemental Legal File" taken with the case was orally withdrawn by Driver at oral argument.