

# Missouri Court of Appeals

### Southern District

QUEEN BARRETT,                              )
                                            )
                    Respondent,             )
                                            )   No. SD37663
vs.                                         )
                                            )   FILED: April 3, 2023
MALLORY MOVING & STORAGE, INC.,             )
d/b/a APPLE MOVING OF ROLLA,                )
                                            )
                    Appellant.              )

### APPEAL FROM THE CIRCUIT COURT OF PHELPS COUNTY

Honorable William E. Hickle, Judge

**<u>AFFIRMED</u>**

This is the second interlocutory appeal from the underlying discrimination lawsuit brought by Queen Barrett against her former employer, Mallory Moving & Storage, Inc., d/b/a Apple Moving of Rolla ("Mallory").[1]  Here, as was the case previously, Mallory timely appeals a circuit court order denying a motion to compel arbitration ("motion to compel").  *See* section 435.440.1.[2]  Because Mallory failed to produce evidence of an arbitration agreement, we deny Mallory's point and affirm the circuit court's order.[3]

---

[1] The first appeal was resolved by order and memorandum decision in case number SD37120 (December 17, 2021). We borrow freely from that decision without further attribution.
[2] All statutory references are to RSMo 2016.
[3] As with the previous appeal, Barrett asserts that Mallory's brief violates Rule 84.04 for various reasons that, again, we need not address in light of the manner in which we ultimately dispose of the appeal.  All rule references are to Missouri Court Rules (2022).

**Factual and Procedural Background**

*The First Motion to Compel and First Appeal*

In its first motion to compel, Mallory alleged it and Barrett had "entered into an enforceable written Arbitration Agreement." This allegation was premised upon a document purporting to be made between Barrett and "Minor Moving LLC and its subsidiaries[.]" In her response, Barrett denied the existence of an arbitration agreement between her and Mallory.

The circuit court entered an order denying the first motion to compel following an evidentiary hearing. Mallory timely filed an interlocutory appeal of that denial. The record on appeal provided by Mallory included the Rule 81.12(b) required legal file and the Rule 81.12(c) required transcript of the evidentiary hearing on the first motion to compel. The transcript reflected some discussion concerning various documents that were filed with the circuit court. However, the transcript did not reflect any of these exhibits as being either offered or admitted into evidence, any express stipulation by the parties to the admission of any exhibits into evidence, any stipulations of fact, or any witness testimony being given during the hearing. In addition, no exhibits were deposited in this Court, as provided by Rule 81.16(a).

Ultimately, this Court concluded that the record before us was devoid of any evidence produced by Mallory to support the existence of an arbitration agreement between it and Barrett. This meant that based on the record before us Mallory failed, as a matter of law, its burden of production and therefore, failed its burden of proving the existence of such an agreement.

*The Second Motion to Compel*

Following this Court's mandate, Mallory filed a second motion to compel before the circuit court. An evidentiary hearing was held on that motion on April 7, 2022. At the hearing, Mallory offered two exhibits into evidence. Mallory purported that those exhibits—"Exhibit A" and "Exhibit B"—were "the arbitration agreement signed by Ms. Barrett" and "the affidavit of

2

David Sahl," respectively.

Barrett objected to the admission of both exhibits. As to the former, Barrett argued there was "no foundation of signature, no foundation of parties" and, as to the latter, that "it contains some hearsay" and there had been no opportunity "to depose Mr. Sahl as to the accuracy of his affidavit." The circuit court sustained both objections and both exhibits were excluded from evidence.

The circuit court then inquired if either party wanted to leave the evidence on the motion to compel open to call live witnesses or conduct discovery at a later time. Mallory indicated that it would like to make such a request and, with regard to a subsequent hearing, it could "notice it up later" when it was ready to proceed.

Barrett interjected and, noting a desire not to potentially waste "resources, time, and money for attorneys fees and costs [on] issues that [do] not need any litigation or discovery," requested the court to review her written response to Mallory's second motion to compel filed with the circuit court earlier that same day. Barrett suggested one of her arguments could be dispositive and requested the circuit court take the matter under advisement for review.[4]

The circuit court considered whether "the most efficient way to handle the case would just be to let [Mallory] get it in as good of posture as [it] can on [its] motion so it just goes up

_____

[4] Barrett's written response included the following arguments: "[Mallory] is collaterally estopped from seeking [its] Second Motion to Compel Arbitration and Dismiss Proceedings"; "[Mallory] is not even a party to the document it requests to be enforced"; "There exists a lack [of] mutual exchange and legal consideration to enforce the Agreement"; "There exists no mutual [assent] or bilateral contract to enforce in the document submitted by [Mallory] as an 'agreement'"; "The Agreement alters and amends [Barrett]'s substantive rights under the Missouri Human Rights Act ["MHRA"] and [Barrett]'s constitutional rights as a citizen of the State of Missouri to seek redress for unlawful discrimination and retaliation. . ."; "The Arbitration Agreement is unconscionable by reason of its alteration, amendment and elimination of [Barrett]'s substantive rights under the [MHRA]"; "The Agreement's effect to alter, amend and destroy [Barrett]'s substantive [remedies] and protection under the MHRA violates public policy"; "The Agreement is also unenforceable, unconscionable and against public policy in its limit of the remedies available to [Barrett]"; "The Agreement is unenforceable by reason of its inclusion of a prohibition of class action"; and "The alleged parent entity, Minor Moving, cannot act nor bind Mallory even if Mallory is considered a subsidiary."

one time to the Court of Appeals if they want to review it again." The circuit court then accepted Barrett's invitation, stating, "I'll take this under advisement at the moment." The circuit court explained, "if I decide for sure to do what I think I'm going to do, then I'll go ahead and just leave the evidence open on this motion and then either side can just notice it up when they want to" and "if I change my mind after looking at your suggestions, then, you know, I might make a different ruling."

Following additional discussion and a request by Mallory for time to file a reply to Barrett's arguments, the circuit court indicated, "I'll wait 14 days before I take any action." The circuit court advised the parties, however, to continue forward with discovery and trial preparation.

On April 21, 2022, Mallory filed its reply. The docket reflects there was no activity in the case over the course of the ensuing three months.

On July 22, 2022, the circuit court issued an order denying Mallory's second motion to compel. The order stated, *in toto*, the following:

> On April 7, 2022, the above cause comes on for hearing by Webex of [Mallory]'s Second Motion to Compel Arbitration and Dismiss Proceedings. Parties appear by counsel. Argument is heard and the matter is taken under advisement. The Court in chambers reviews the file including all suggestions filed after the hearing. Having been fully advised, the Second Motion is overruled.

Mallory timely appeals.

### Applicable Principles of Review

"We will affirm the trial court's judgment if it is cognizable under any theory, regardless of whether the reasons advanced by the trial court are wrong or not sufficient." *Lopez v. H & R Block, Inc.*, 491 S.W.3d 221, 225 (Mo.App. 2016) (internal quotation marks omitted). "Our primary focus is on whether the trial court reached the correct result, rather that the route taken to reach it." *Id.* (internal quotation marks omitted).

4

We begin by noting, as was the case with Mallory's first motion to compel, there was no evidence properly before the circuit court supporting Mallory's second motion to compel. While Mallory attempted to offer Exhibit A and Exhibit B into evidence, the circuit court ultimately excluded both exhibits in response to Barrett's sustained objections. Mallory does not challenge those rulings in this appeal or the lack of explanation by the circuit court of why it denied Mallory's second motion to compel.

As we explicitly noted and explained in our previous decision, Mallory, as the party seeking to compel arbitration, has the burden of proving that an agreement to arbitrate exists between it and Barrett. ***Duncan v. TitleMax of Missouri, Inc.***, 607 S.W.3d 243, 249 (Mo.App. 2020) (citing ***Gemini Capital Group, LLC v. Tripp***, 445 S.W.3d 583, 588 (Mo.App. 2013)). "'When courts discuss the burden of proof, there are two components: the burden of producing (or going forward with) evidence and the burden of persuasion.'" ***Nicholson v. Surrey Vacation Resorts, Inc.***, 463 S.W.3d 358, 369 (Mo.App. 2015) (quoting ***Kinzenbaw v. Dir. of Revenue***, 62 S.W.3d 49, 53 (Mo. banc 2001)). "'The burden of production is a party's duty to introduce enough evidence on an issue to have that issue decided by the fact-finder, rather than decided against the party . . . .'" ***Id.*** (quoting ***Johnson v. Dir. of Revenue***, 411 S.W.3d 878, 884 (Mo.App. 2013)).

These principles are again applicable as the instant record on appeal contains the same deficiency that doomed Mallory's prior appeal. Mallory produced no evidence from which the circuit court could have found the existence of an arbitration agreement between Mallory and Barrett. We are required to affirm the circuit court's order on any ground supported by the record, *see **Lopez***, 491 S.W.3d at 228, and this record, devoid of any evidence of an enforceable arbitration agreement, contains no basis for us to conclude Mallory satisfied its burden of

5

production.  Accordingly, as Mallory has failed, again, in meeting its burden of production and the record on appeal supports affirming the circuit court's order on this basis, Mallory's sole point challenging that order is denied.

## **<u>Decision</u>**

The circuit court's order denying Mallory's second motion to compel arbitration is affirmed.

BECKY J. W. BORTHWICK, J. – OPINION AUTHOR

DON E. BURRELL, J. – CONCURS

GINGER K. GOOCH, J. – CONCURS