**SUBURBAN BANK OF KANSAS CITY, Petitioner,**

v.

**PROPOSED JACKSON COUNTY STATE BANK OF KANSAS CITY, Defendant.**

No. 23026.

Kansas City Court of Appeals.

Missouri.

June 29, 1959.

McFadden & Blair, Jefferson City, Skelton & Bradley, Lexington, for petitioner.

Sebree, Shook, Hardy & Ottman, E. Frederick Beihl, Kansas City, for defendant.

CAVE, Presiding Judge.

This is an appeal by the petitioner, Suburban Bank of Kansas City, from a final judgment of the Circuit Court of Cole County. There is pending before this court a motion, filed by the Jackson County State Bank, to dismiss the appeal because it appears from the face of the transcript filed herein that the Circuit Court of Cole County did not have jurisdiction of the cause at the time it rendered the judgment appealed from.

The facts necessary for a decision of the question of dismissal are briefly stated as follows: On October 22, 1957, the Commissioner of Finance of Missouri denied the Jackson County State Bank a certificate to operate as a bank, and the bank appealed such decision to the State Banking Board. On February 4, 1958, a hearing was held before that board, at which time all interested parties appeared and offered evidence. The Suburban Bank of Kansas City was one of the protestants against the issuance of the certificate. On February 28, 1958, the State Banking Board issued its order directing the Commissioner of Finance to issue a certificate to the Jackson County State Bank, and stated in the order that "the full transcript of the pro-

ceedings, the testimony given, the evidence offered and the rulings thereon, at said hearing, has been prepared and is in the possession of the Board". On March 12, the Commissioner of Finance issued the certificate to the Jackson County State Bank, which certificate was recorded in the office of the Recorder of Deeds of Jackson County on March 27th.

On April 7th, the Suburban Bank filed in the office of the Clerk of the Circuit Court of Cole County its petition for review of the order and decision of the State Banking Board, in which it prayed for a reversal of said order. This petition was filed within thirty days after the "agency's final decision", as required by Section 536.-110 RSMo 1949, V.A.M.S. However, the *record* of the proceedings before the State Banking Board *was not* filed in the circuit court within thirty days after the filing of the petition for review; Sec. 536.130. But on May 17th, ten days after the time the record should have been filed, the petitioner filed motion in the circuit court for extension of time for filing such record, and alleged that the delay was not due to its inexcusable negligence. On the same day, the Jackson County State Bank filed its motion to dismiss the petition for review because the record had not been filed within the thirty-day period. The transcript before us recites: "Hearing on petitioner's application for extension of time to file transcript was held on May 20, 1958, and after the presentation of the parties, the court granted petitioner's application as prayed, and extended the time for filing the transcript until June 7, 1958". An order of record was made in accordance with that finding.

Thereafter, and on May 27th, the transcript of proceedings before the State Banking Board was filed. On June 27th, the cause was heard in the circuit court and taken under advisement. On November 21, 1958, the court made certain Findings of Fact and Conclusions of Law, and entered a final judgment thereon.

The pertinent part of the Findings of Fact relative to the motion to dismiss the appeal is in substance as follows: That the petitioner failed to file with the clerk of the circuit court the transcript of the record of the proceedings before the State Banking Board within thirty days after it had filed its petition for review, as required by Section 536.130(1), although such transcript was actually prepared and available for filing prior to the issuance of the order of the State Banking Board and was available for filing at the time petitioner filed its petition; that the petitioner failed to obtain from the circuit court *"within thirty days* after the filing of its petition", an order of extension of time within which to file such transcript of the record; that the plaintiff failed to file the transcript of the record in the circuit court within the time prescribed by law; and that the failure of the petitioner to file the transcript of the record of the proceedings before the State Banking Board within the time prescribed by law precludes the jurisdiction of the circuit court over this cause and requires that the petition be dismissed.

However, following the above Findings and Conclusions, the court made the further Findings and Conclusions: "(2) Notwithstanding this conclusion, it is further the conclusion of this court, after a full review of the entire record, that the decision of the State Banking Board on the whole record is supported by substantial and competent evidence and is also supported by the weight of the substantial and competent evidence. (3) The Findings of Fact, Conclusions of Law and decision of the State Banking Board in its entirety ought on the whole record to be affirmed."

As of November 21, 1958, the court entered the following judgment: " * * * and the court having considered the pleadings, arguments and briefs of counsel for plaintiff and defendant, and the court having reviewed the transcript of the evidence in the hearing before the State Banking

Board, and having considered defendant's motion to dismiss petition and the affidavit of Richard R. Nacy, dated August 26, 1958, filed in support of said motion, and being fully advised in the premises, does hereby find, adjudge and decree all issues in favor of the defendant and against the plaintiff; and does further find, adjudge and decree that the Findings of Fact and Conclusions of Law and decision of the State Banking Board are hereby affirmed".

The affidavit of Mr. Nacy, referred to in the judgment, was to the effect that the transcript of the hearing before the Banking Board was prepared and available to the petitioner at the time the Banking Board made its order on February 28, 1958.

In the transcript filed in this court there also appears the following minutes of the circuit court: "And on the same day, November 21, 1958, the Court entered its minutes as follows: 'November 21 '58— Findings of Fact and Conclusions of Law filed. Proceedings dismissed for want of jurisdiction in this court for failure to file or secure filing of transcript within time provided by law.' "

After these various entries, the petitioner filed its motion for new trial which was overruled, and it perfected appeal to this court. At this time we consider only defendant's motion to dismiss petitioner's appeal.

Section 536.110 of the Administrative Review Act provides that proceedings for review of an administrative agency may be instituted by filing a petition in the circuit court of the county of the plaintiff's residence within thirty days after the mailing or delivery of the notice of the agency's final decision. In the instant case, the petition for review was filed within the thirty-day period. However, Section 536.130, of the same Act, provides: "(1) Within thirty days after the filing of the petition *or within such further time as the court may allow,* the record before the agency shall be

filed in the reviewing court. * * *" (Italics supplied.)

It is conceded that the record of the State Banking Board was not filed in the circuit court within thirty days after petitioner filed its petition for review. However, the record shows that within ten days after such time, the petitioner filed a motion in the circuit court for an extension of time to file the record, and the court sustained that motion and extended the time until June 7, 1958, after "Hearing on petitioner's application for extension of time to file transcript * * * and after the presentation of the parties". The record was filed within that extended time.

There are two questions for decision in disposing of the motion to dismiss the appeal. First, could the motion for the extension of time to file the bank board record in the circuit court be filed after thirty days from the filing of the petition for review; and second, does the transcript before us support the order of the court sustaining that motion?

■ To secure the review of an order or judgment of an administrative agency, the first step is the filing of a petition for review within thirty days after receiving notice of such agency's final decision. Section 536.110(1). This first step was properly taken in the instant case. The second step is that the record before the agency shall be filed in the reviewing court within thirty days after the filing of the petition *or within such further time as the court may allow.* Section 536.130(1). In the instant case, the record was not filed within thirty days after the filing of the petition, but was filed "within such further time" as the court allowed upon motion of the petitioner.

The fact that the motion for extension of time to file the record was not made until after the thirty-day period does not, in our opinion, prevent the reviewing court from considering the application for extension of time. The clause in Section 536.-

130(1), "or within such further time as the court may allow", does not limit the time within which such application shall be made; and this provision, when read and considered in connection with Sections 506.010 and 506.060 of the Civil Code, makes it clear that such a motion may be filed after the expiration of the thirty-day period. Section 506.010 provides that the Civil Code shall govern the procedure in the courts of this state in all suits and proceedings of a civil nature, unless otherwise provided by law. Section 506.060(2) provides that in certain instances when an act is required or allowed to be done at or within a specified time, the court, for cause shown, may at any time in its discretion upon motion permit the act to be done after the expiration of the specified time where the failure to act was the result of excusable neglect.

Thus it is our opinion that such a motion may be filed in the circuit court within a reasonable time after the thirty-day period.

■ The next question is whether the record before us supports the court's order sustaining the motion and extending the time.

Section 506.060(2) provides for the extension of time "where the failure to act was the result of excusable neglect;". Defendant argues that the transcript before us does not disclose any justifiable neglect for failing to file the record within the thirty-day period.

As noted supra, the transcript recites that, "a hearing on petitioner's application for extension of time to file transcript was held on May 20th, and after the presentation of the parties, the court granted petitioner's application as prayed, and extended the time for filing the transcript until June 7, 1958". Thus it affirmatively appears that the motion was sustained after a "hearing" was held before the court, and "after the presentation of the parties".

The transcript before us does not disclose what evidence, if any, was submitted to the court in support of the motion; nor does it disclose what representations were made to the court at that time. But the circuit court being a court of general jurisdiction, its finding will be presumed to have been supported by evidence. Where there is no showing to the contrary, the presumption is always in favor of correct action on the part of the trial court. Burger v. Boardman, 254 Mo. 238, 162 S.W. 197; Jennemann v. Bucher, 186 Mo.App. 179, 171 S.W. 613; Bradbury v. Donnell, 136 Mo.App. 676, 119 S.W. 21; Prudot v. Stevens, Mo.App., 266 S.W.2d 756.

The defendant argues that since the transcript does not affirmatively show that there was evidence of excusable neglect produced in support of the motion for extension of time, then the court's order extending the time should be set aside and for naught held. That is not the rule under the state of the record in this case. The order is presumed to have been properly made. See citations supra.

The defendant cites cases where the transcript is not filed in the appellate court within the time prescribed by statute or rule, and no motion for extension of time was filed. Those cases are not controlling because in such a situation it appears from the appellate court's own record that the statute or rule had not been complied with, and no order extending the time had been made.

Defendant also cites State ex rel. Burns v. Stanton, 311 S.W.2d 137, an opinion by this court. However, that case is not controlling, because the *petition* for review was not filed within thirty days after the order of the Board of Zoning Adjustment, nor was it filed within a reasonable time thereafter. The filing of the *petition* is the first essential step to invest jurisdiction of the cause in the circuit court. That was properly done in the instant case.

We are of the opinion that the motion to dismiss the appeal should be overruled. It is so ordered.

All concur.