**Kenneth STELLWAGON, Respondent,**

v.

**DIRECTOR OF REVENUE, STATE OF MISSOURI, Appellant.**

No. SC 84438.

Supreme Court of Missouri,
En Banc.

Dec. 10, 2002.

Jeremiah W. (Jay) Nixon, Atty. Gen., Cheryl Caponegro Nield, Asst. Atty. Gen., Alana M. Barragan–Scott, Deputy State Solicitor, Jefferson City, for appellant.

G. Michael Baker, Springfield, for respondent.

LAURA DENVIR STITH, Judge.

The trial court set aside the Director of Revenue's one-year revocation and five-year denial of Kenneth Stellwagon's driving privileges under sections 302.304 and 302.060, RSMo 2000[1], respectively, on the basis that the director failed to meet her burden of proof. The director appeals, arguing that once she introduced the administrative record showing that Mr. Stellwagon had two prior convictions for driving while intoxicated, the burden of producing evidence shifted back to Mr. Stellwagon to show that the convictions were "uncounseled" or otherwise inadequate to support revocation or denial of his license.

While the driver bears the ultimate burden of persuasion, once Mr. Stellwagon showed he was qualified for a driver's license, then under *Kinzenbaw v. Director of Revenue*, 62 S.W.3d 49 (Mo. banc 2001), the burden of producing evidence shifted to the director. To meet this burden, the director was required to make a *prima facie* showing of each of the statutory elements necessary to support denial of Mr. Stellwagon's license under section 302.060(10) by offering evidence, based on the administrative record or otherwise, that Mr. Stellwagon had two prior convictions, that his prior municipal court conviction was before a judge who was an attorney, and that it was "counseled" or that Mr. Stellwagon waived counsel.

Here, however, contrary to Mr. Stellwagon's contention, the director did make

---

1. All statutory references are to RSMo 2000 unless otherwise indicated.

such a showing when the administrative record is considered in conjunction with a copy of the uniform complaint and summons, Form 37A. The trial court erred in determining otherwise. The administrative record also supported revocation of Mr. Stellwagon's license for one year under section 302.304. For these reasons, the Court reverses and remands with directions to reinstate the one-year revocation and five-year denial of Mr. Stellwagon's license.

## I. FACTUAL AND PROCEDURAL BACKGROUND

On February 25, 2000, Kenneth Stellwagon was found guilty of driving while intoxicated (DWI), for which he received a sentence of 48 hours in jail and a $350 fine. On March 14, 2000, the director advised Mr. Stellwagon by letter that, effective April 15, 2000, his "privilege to drive a motor vehicle in Missouri will be denied for 5 years for being convicted a second time for driving while intoxicated (refer to section 302.060 RSMo) within a 5 year period," and that "this denial resulted from the following convictions: [1] 02/25/2000 DRIVING WHILE INTOXICATED; [2] 04/29/1997 DRIVING WHILE INTOXICATED."

Section 302.060(10) states that the director shall not issue any license and shall deny any driving privilege:

to any person who has been convicted twice within a five-year period of violating state law, or a county or municipal ordinance where the judge in such cases was an attorney and the defendant was represented by or waived the right to an attorney in writing, of driving while intoxicated ... The director shall not is-

sue a license to such person for five years from the date such person was convicted ... for driving while intoxicated for the second time.

Sec. 302.060(10), RSMo. On March 14, 2000, the director also informed Mr. Stellwagon by letter that effective on April 15, 2000, his driving privileges would be administratively revoked for one year, pursuant to section 302.304, based on the 12 points he accumulated for his February 25, 2002, DWI conviction.[2]

Both letters informed Mr. Stellwagon that he had thirty days to appeal these decisions. Mr. Stellwagon timely sought review in the Circuit Court of Greene County. In his petition, he asserted that the legal bases for denying him a license for five years under section 302.060(10) or for revoking it for one year under section 302.304 were not met in that "the basis of this denial and revocation are two convictions for driving while intoxicated occurring on February 25, 2000 and April 29, 1997. A check of the records of the Municipal Court of Springfield, Missouri, does not reveal the existence of a DWI conviction occurring on or about April 29, 1997."

The only evidence introduced at the trial was a certified copy of the administrative record on which Mr. Stellwagon's denial and revocation had been based. As relevant here, the record included Mr. Stellwagon's driving record, the director's March 14, 2000, letters denying and revoking his license, and the two uniform complaint and summons forms that reflected Mr. Stellwagon's DWI convictions on February 25, 2000, and April 29, 1997. The portions of the 1997 form setting out his arrest for DWI, the date of the conviction, the complaint number, the sentence and

---

**2.** Section 302.304(7) provides that a driver's license may be revoked if the driver accumulates a certain amount of points within a certain time frame (i.e. twelve points in twelve months), and section 302.302.1(9) provides for a 12–month revocation for a second DWI conviction.

the fact that the judge was an attorney were legible, but much of the rest of the form, particularly the pre-printed words, was so difficult to read as to be illegible.

The trial court reinstated Mr. Stellwagon's driver's license, stating, "having reviewed the evidence, the Court finds the Department of Revenue has failed to carry its burden of proof. Judgment for Plaintiff." The director appealed to the Missouri Court of Appeals, Southern District, which affirmed based on the illegible nature of the documents in the administrative record. This Court granted transfer. Mo. Const. art. V, sec. 10.

## II.  ANALYSIS

Both parties agree that this appeal is determined by this Court's opinion in *Kinzenbaw*, but they disagree as to that opinion's meaning.  *Kinzenbaw* held a driver:

has the burden of producing evidence that he is qualified for a driver's license, and the director has the burden of producing evidence that he is not.  The director meets her burden by introducing the administrative record.  The burden of persuasion, as distinct from the burden of producing evidence, is at all times on [the driver] and never shifts. It is [the driver's] burden to prove that the facts on which the director relied in denying the license are not true or are legally insufficient to support the denial or suspension of the license.

*Kinzenbaw*, 62 S.W.3d at 51.

The director contends that by this language *Kinzenbaw* meant that, once the driver contests the denial or revocation and the pleadings show the driver is qualified for a Missouri license, all the director has to do to meet her burden of going forward is to introduce the administrative record.  At that point, she argues, the burden shifts back to the driver to show that the administrative record does not

reflect the statutory requirements for denial or revocation or that the bases the record shows are inaccurate or are otherwise insufficient to support the director's actions.  Since Mr. Stellwagon offered no such evidence, he, therefore, failed to meet his burden.

The director misunderstands this Court's holding in *Kinzenbaw*.  The portion of the opinion quoted above, and relied on by the director, cannot be read in a vacuum, but rather must be read in the context of the entire opinion.  This Court specifically noted later in *Kinzenbaw* that the record showed three convictions as required by section 302.060(9), the statute on which the denial was based in that case; therefore, "the administrative record, when admitted into evidence by the trial court, is evidence that Kinzenbaw has three convictions for driving while intoxicated and supports the director's suspension of the license."  *Id.* at 54.  In other words, admission of the administrative record was sufficient because it made a *prima facie* showing of the facts needed to support denial under section 302.060(9).

Here, the director admits that the administrative record had to show at least that Mr. Stellwagon had two DWI convictions and that this is necessary to comply with the requirements for denial under section 302.060(10).  But, section 302.060(10) does not merely require proof of two convictions.  It also requires proof that the driver "has been convicted twice within a five-year period of violating state law, *or a county or municipal ordinance where the judge in such cases was an attorney and the defendant was represented by or waived the right to an attorney in writing*" (emphasis added).  Thus, on its face the statute requires that in order for a municipal conviction to be used as a basis for denying a license under section 302.060(10), the defendant must have been

represented by an attorney or waived his right to an attorney in writing.

It follows, then, that the director was required to show that Mr. Stellwagon's April 29, 1997, municipal conviction was counseled or that he waived counsel in writing if the director wished to use it as a prior conviction supporting revocation under section 302.060(10). To hold otherwise would place the burden of producing evidence on the driver not just to show a valid license, but to disprove an essential element necessary to the denial of his license even before the director makes a *prima facie* showing that the element exists. That is not the law, nor was it the holding in *Kinzenbaw.*

Although this Court has rejected the director's interpretation of *Kinzenbaw,* that does not end our inquiry. The director also contends that, even were she required to show as part of her *prima facie* case that the municipal conviction was counseled, she did so. The Court agrees. While the certified copy of the April 29, 1997, conviction was illegible in part, it, too, cannot be viewed in a vacuum. The conviction is recorded on a standard copy of Form 37A, which is entitled, "Missouri Uniform Complaint and Summons." Form 37A is a standard form contained in the Missouri Court Rules. A judge may properly refer to it, just as a judge may refer to other court rules and forms in determining the propriety and timeliness of the pleadings. The front side of Form 37A is headed "abstract of court record," sets out the offense details, and contains the signature of the officer. The other side of the document, headed "reverse side, abstract of court record," contains places for the court to enter information as to the court number, date, charge, disposition, sentence, and signature of the judge. It also contains boxes to be checked to show whether the driver is represented by

or waives counsel and whether the judge is a lawyer.

Mr. Stellwagon's conviction in Greene County Circuit Court, Municipal Division, is recorded on the reverse side of a copy of standard Form 37A. While the pre-printed words "Defendant Represented By Counsel" are illegible on Mr. Stellwagon's conviction record, the place on the form for filling in "____ yes ____no," is not. The word "yes" is visible and the area next to it has a check mark. Upon comparing Mr. Stellwagon's conviction record to a blank copy of this side of standard Form 37A, it is clear that this check mark is in the box *for recording that the driver was represented by counsel.*

The administrative record, when considered in conjunction with this form, provides *prima facie* evidence that Mr. Stellwagon's municipal conviction was counseled. The judge's finding that the director failed to meet her burden of producing evidence is not supported by the record. The burden of going forward then shifted back to Mr. Stellwagon, who offered no contrary evidence. The trial court, therefore, erred in setting aside the five-year denial of Mr. Stellwagon's license under section 302.060(10).

While Mr. Stellwagon also appealed his one-year revocation under section 302.304, he has offered no argument on appeal to support his claim that the administrative record was insufficient to make a *prima facie* showing of the requirements for revocation based on his accumulation of 12 points at the time of his February 2000 DWI conviction in Greene County. The one-year revocation of his license under section 302.304 also was supported by the record, and the trial court erred in setting it aside.

For the reasons set out above, the circuit court's judgment is reversed, and the case is remanded with directions to rein-

state the director's revocation of Mr. Stellwagon's license for one year under section 302.204 and to reinstate the director's denial of a license to Mr. Stellwagon for five years under section 302.060(10).

All concur.