Mark Denton VETTE, Respondent
Pro Se,

v.

DIRECTOR OF REVENUE, Appellant.

No. WD 60839.

Missouri Court of Appeals,
Western District.

March 25, 2003.

---

1. All statutory references are to the Revised Statutes of Missouri 2000, unless other indicated.

Ronald Q. Smith, Assistant Attorney General, Jefferson City, for appellant.

Mark Denton Vette, Rockport, pro se.

Before BRECKENRIDGE, P.J., LOWENSTEIN and HOLLIGER, JJ.

PATRICIA BRECKENRIDGE, Judge.

The director of revenue appeals from a judgment of the circuit court setting aside the denial of Mark Vette's application for a driver's license. The circuit court set aside the denial after finding that the agency's decision was not supported by competent and substantial evidence. This court finds that (1) the director was not required to file the record with the circuit court; (2) the circuit court applied the incorrect scope of judicial review; and (3) Mr. Vette did not meet his burden of proof. The judgment is reversed and the cause is remanded with directions to the circuit court to reinstate the director's denial of Mr. Vette's application for a driver's license and proceed on Mr. Vette's request for hardship driving privileges.

## I. Factual and Procedural Background

On January 11, 2001, the director sent Mr. Vette a letter denying his application for a driver's license and informing him that he would not be eligible for a driver's license until December 28, 2009, ten years from the date of his most recent driving while intoxicated conviction. The director denied Mr. Vette's application because he had three driving while intoxicated convictions. The director based her denial on section 302.060(9), RSMo 2000,[1] which states that a driver's license is denied for ten years "[t]o any person who has been convicted more than twice of violating state law ... relating to driving while intoxicated."

On February 9, 2001, Mr. Vette filed a petition in the circuit court for review of the administrative decision as permitted by section 302.311, and for issuance of a hardship driver's license. In his count for review of the administrative decision, Mr. Vette first pled his address and the address of the director. Mr. Vette next stated that the director had notified him of her decision to deny him a driver's license and he was timely filing an appeal of that decision. Finally, Mr. Vette requested that the circuit court review the director's

---

1. All statutory references are to Revised Statutes of Missouri 2000.

decision under sections 302.311 and 536.140.

The clerk of court mailed the petition to the director on February 14, 2001, and the return receipt showed the director received the petition on February 16, 2001. The director filed her answer, which incorporated a certified copy of Mr. Vette's driving record, on April 23, 2001. The letter of transmittal stated that the delay in filing was due to the time necessary to obtain Mr. Vette's driving record from Nebraska. In her answer to the count for review of the administrative decision, the director stated that the agency's record revealed three convictions for offenses related to driving while intoxicated: an excessive blood alcohol content conviction in Missouri on March 10, 1993; a driving while intoxicated conviction in Nebraska on July 2, 1998; and a driving while intoxicated conviction in Nebraska on December 28, 1999. She also stated that, after investigating Mr. Vette's record, she determined it would not be safe for her to issue him a license.

The circuit court held a review hearing on June 12, 2001. Neither party presented any evidence. Instead, Mr. Vette argued that the director failed to timely file her answer and the agency's record. Representing the director, the prosecuting attorney of Atchison County agreed that the record supported Mr. Vette's allegations that the director's filing of the answer and the agency's record was untimely.

In its Amended Order and Judgment dated August 21, 2001, the circuit court held that, under section 536.130, the director had thirty days to file her answer and the agency's record, and the thirty days began to run when the director received the petition on February 16, 2001. Because it found that the director did not request an extension of time to file her answer, the circuit court struck the director's answer and the record. The circuit court further held that Mr. Vette's petition was timely filed and, because Mr. Vette's petition was the only properly-filed pleading before the court, the denial of Mr. Vette's driver's license was "unsupported by competent and substantial evidence" in violation of Section 536.140. The director filed this appeal.

## II. Standard of Review

Section 302.311 permits a person whose application for a driver's license is denied or withheld to appeal the director's decision to the circuit court. The statute reads, in pertinent part:

In the event an application for a license is denied or withheld, or in the event that a license is suspended or revoked by the director, the applicant or licensee so aggrieved may appeal to the circuit court ... in the manner provided by chapter 536, RSMo, for the review of administrative decisions at any time within thirty days after notice that a license is denied or withheld or that a license is revoked. Upon such appeal the cause shall be heard de novo and the circuit court may order the director to ... sustain the suspension or revocation by the director, set aside or modify the same, or revoke such license. Appeals from the judgment of the circuit court may be taken as in civil cases.

Section 302.311. On appeal from the circuit court's decision, this court reviews the judgment of the circuit court rather than the director's decision. *Silman v. Dir. of Revenue,* 880 S.W.2d 574, 576 (Mo.App. 1994). This court will affirm the judgment of the circuit court unless there is no substantial evidence to support it, it is against the weight of the evidence, or it erroneously declares or applies the law. *Id.* (citing *Murphy v. Carron,* 536 S.W.2d 30, 32 (Mo. banc 1976)).

## III. Circuit Court Erroneously Set Aside Denial of Driver's License Application

In her sole point on appeal, the director claims the circuit court erred in setting aside the denial of Mr. Vette's application for a driver's license because Mr. Vette failed to show that he was eligible for a driver's license or dispute the grounds for the denial. The director first contends that the circuit court erred in finding that, because the director's answer and the agency record were untimely filed, the only record before the court was Mr. Vette's timely-filed petition. Although the director's argument on this issue focuses on whether the circuit court erred in holding that she was required to file an answer in the case, the dispositive issue is whether the circuit court erred in holding that she was required to file the agency's record.

### A. Director Not Required to File Driving Record

Section 536.130.1 provides that "[w]ithin thirty days after the filing of the petition or within such time as the court may allow, the record before the agency shall be filed in the reviewing court." The record includes "[a] complete transcript of the entire record, proceedings and evidence before the agency." Section 536.130.1(3). The record need not include "[a]ny matter not essential to the decision of the questions presented by the petition." *Id.* Because Mr. Vette's driving record was essential to decide the question of whether the director properly denied him a license, it was required to be filed in the reviewing court.

Section 536.130.4 provides that "[t]he record to be filed in the reviewing court shall be filed by the plaintiff, or at the request of the plaintiff shall be transmitted by the agency directly to the clerk of the reviewing court and by him filed." Thus, under the plain language of the statute, it is the plaintiff's responsibility to ensure the record is filed, either by filing it personally or requesting that the agency file it. This is consistent with cases that have interpreted the filing requirement under section 536.130, as these cases concerned *plaintiffs* who failed to timely file the record. *See Knapp v. Mo. Local Gov't Employees Ret. Sys.,* 738 S.W.2d 903, 910–11 (Mo.App.1987); *Bresnahan v. Bass,* 562 S.W.2d 385, 389 (Mo.App.1978); *Suburban Bank of Kansas City v. Proposed Jackson County State Bank of Kansas City,* 326 S.W.2d 420, 423–24 (Mo.App.1959). *See also Orion Sec. Inc. v. Bd. of Police Comm'rs of Kansas City,* 43 S.W.3d 467–70 (Mo.App.2001).

■ Under section 536.130.4, Mr. Vette, as the petitioner, was required to ensure that the agency record was filed in the reviewing court. Mr. Vette did not personally file the record, nor is there any evidence in the record that he asked the director to file the agency's record in the circuit court. The circuit court erred in holding that section 536.130 required the director to file the agency's record.[2]

---

2. Despite not having the burden to file Mr. Vette's driving record, the director did file his driving record with the court. This filing was stricken by the trial court because it was not timely. It is not clear from the record whether the trial court believed it was compelled to strike the record as untimely or whether the trial court did not permit the late filing because neither party requested an extension of time to file the record in this case. If a request had been made, the trial court could have exercised its discretion to permit a late filing because, while section 536.130.1 requires the record to be filed within 30 days, "the Administrative Review Act is silent about the penalty or consequence when [a party] fails to timely file [the] record in the circuit court." *Orion Sec., Inc. v. Bd. of Police Comm'r's of Kansas City,* 43 S.W.3d 467, 470 (Mo.App.2001). Since it has been found that

## B. Driver Failed to Meet His Burden of Proof

The director next argues that Mr. Vette failed to meet his burden of proof to set aside the denial. To determine Mr. Vette's burden of proof in this case, the proper scope of judicial review must first be established. The scope of judicial review is different depending on whether section 536.140 or section 536.150 applies.

In this case, the circuit court reviewed the agency's decision under section 536.140. The director argues the circuit court should have reviewed the decision under section 536.150. Section 536.140 governs judicial review of contested administrative cases. Section 536.140.2. A contested administrative case "is one where the administrative agency has rendered a decision following a hearing." *Kinzenbaw v. Dir. of Revenue*, 62 S.W.3d 49, 52 (Mo. banc 2001). Section 536.150, on the other hand, governs judicial review of noncontested administrative cases, "including the denial or revocation of a license." Section 536.150.1. A decision in a noncontested administrative case is one "made without any requirement of an adversarial hearing at which a measure of procedural formality is followed." *Strozewski v. City of Springfield*, 875 S.W.2d 905, 906 (Mo. banc 1994).

The issue, then, is whether Mr. Vette's case was contested or noncontested. In *Kinzenbaw*, a case that also concerned the suspension of a driver's license under section 302.060(9), the Supreme Court held that because "there was no hearing (or 'contest') at the agency, Kinzenbaw's case is 'noncontested' and thus is governed by section 536.150." *Kinzenbaw*,

62 S.W.3d at 52. Like Mr. Kinzenbaw, Mr. Vette did not receive a hearing at the administrative level. Mr. Vette's case was, therefore, noncontested. As such, section 536.150 governed the scope of judicial review.

Under section 536.150, judicial review of the agency's decision is *de novo*. *Mo. Nat'l Educ. Ass'n v. Mo. State Bd. of Educ.*, 34 S.W.3d 266, 274 (Mo.App.2000). In this *de novo* review, the circuit court "hears evidence on the merits of the case, makes a record, determines the facts, and decides whether, in view of those facts, the agency's decision is unconstitutional, unlawful, unreasonable, arbitrary, capricious, or otherwise involves an abuse of discretion." *Id.* (citing section 536.150.1). The circuit court in this case erred when, instead of using this scope of review, it used the "competent and substantial evidence" scope of judicial review of section 536.140.1.

Since section 536.150 governed the scope of judicial review in this case, section 536.150 also governed the burden of proof. The director claims Mr. Vette did not meet his burden of proof under section 536.150 because he did not present any evidence that he was entitled to a license or any evidence that the director was incorrect in denying his application for a license.

Although "section 302.311 and section 536.150, construed together, do not explicitly allocate burdens of pleading and proof," the Supreme Court clarified the allocation of burdens in *Kinzenbaw*. 62 S.W.3d at 53–54. In *Kinzenbaw*, the Court explained that there are two compo-

the "timely filing [of the record] is not a jurisdictional requirement," *id.*, courts have upheld extensions of the thirty-day period, even after the expiration of the original thirty days. *See Knapp v. Mo. Local Gov't Employees Ret. Sys.*, 738 S.W.2d 903, 910–11 (Mo.

App.1987); *Bresnahan v. Bass*, 562 S.W.2d 385, 389 (Mo.App.1978); *Suburban Bank of Kansas City v. Proposed Jackson County State Bank of Kan.*, 326 S.W.2d 420, 423–24 (Mo. App.1959).

nents to the burden of proof: "the burden of producing (or going forward with) evidence and the burden of persuasion." *Id.* at 53. In a case under section 302.311, "[t]he driver bears initially the burden of producing evidence that he is entitled to a license." *Id.* at 54. After the driver meets this burden, the burden then shifts to the director to "offer the evidence she has—the administrative record." [3] *Id.* Although the burden of production has shifted to the director at this point, the burden of persuasion has not. *Id.* The driver bears the burden of persuasion at all times. *Id.* Once the director introduces the administrative record into evidence, "it is the driver's burden to show that the facts that purport to be established by the administrative record are not true or that the grounds for suspension are unlawful, unconstitutional, or otherwise insufficient under section 536.150 to support the director's action." *Id.* at 54–55.

The Court further held in *Kinzenbaw* that the director discharges the driver's initial burden of production by admitting in her answer that the driver is duly licensed. *Id.* at 54. Here, Mr. Vette did not plead that he was entitled to a license, nor did the director admit in a timely-filed answer that Mr. Vette was duly licensed. Thus, at the judicial review hearing, Mr. Vette still bore the initial burden of producing evidence that he was entitled to a license. Since Mr. Vette did not produce any evidence that he was entitled to a license, the burden of production never shifted to the director to require her to introduce evidence supporting her denial of Mr. Vette's license application. Because Mr. Vette failed to meet his initial

burden of production, he failed to meet his burden of proof under *Kinzenbaw.* Therefore, the circuit court erred in setting aside the denial of Mr. Vette's driver's license.

The circuit court's judgment is reversed, and the cause is remanded with directions to the circuit court to reinstate the director's denial of Mr. Vette's application for a driver's license and proceed on Mr. Vette's request for issuance of a hardship driver's license.

All concur.

---

**3.** That the director has the burden of *offering* the agency's record into evidence at this point does not mean that the director had the burden of *filing* the record initially, as section 536.130.4 clearly places that responsibility on the plaintiff. Because the mere filing of the record does not put the record into evidence, however, the director must offer the record to support the action taken regarding the license if the petitioner has met his initial burden of production by showing entitlement to a license. *Kinzenbaw,* 62 S.W.3d at 54.