Justin Thomas **BOWERS**, Petitioner–Respondent,

v.

**DIRECTOR OF REVENUE, State of Missouri, Respondent–Appellant.**

No. 27331.

Missouri Court of Appeals,
Southern District,
Division One.

June 28, 2006.

---

Jeremiah W. (Jay) Nixon, Atty. Gen., H. Todd Iveson, Asst. Atty. Gen., Jefferson City, for Appellant.

David W. Sims, Neosho, for Respondent (No brief filed).

NANCY STEFFEN RAHMEYER, Presiding Judge.

The Department of Revenue ("the Director") issued a ten-year license denial to Justin Thomas Bowers ("Bowers") pursuant to section 302.060(9).[1] On February 23, 2005, Bowers filed an "Appeal of Denial of Driving Privileges" in the Circuit Court of Newton County. In his petition, Bowers alleged that the Director had failed to prove all the elements of section 302.060(9). In its order and judgment, the trial court found the Director "failed to meet [her] burden of proof with respect to whether [Bowers] was represented by counsel or waived his right to counsel in writing on a prior municipal court conviction." The trial court ordered that the Director set aside the ten-year denial of Bowers' driving privileges and reinstate and grant an operator's license to Bowers. The Director brings one point on appeal. The Director claims the trial court erred in reinstating Bowers' driving privileges because its judgment is not supported by substantial evidence, is against the weight of the evidence, and erroneously declares and applies the law, in that the only evidence in the record demonstrated that Bowers was represented by counsel in his prior municipal driving while intoxicated ("DWI") conviction.[2] We agree, reverse, and remand with directions to the circuit court to reinstate the Director's denial of Bowers' driving privileges.

The trial court heard the matter on July 13, 2005. At this hearing, the Director

---

1. All references to statutes are to RSMo 2000, unless otherwise specified.

2. Bowers did not file a brief responding to the Director's appeal. "Although there is no requirement that [Bowers] file a brief, [his] failure to do so leaves us without the benefit of [his] argument, if any, to support the trial court's decision." *Green v. Director of Revenue*, 148 S.W.3d 892, 893 (Mo.App. S.D. 2004).

introduced Exhibit A, certified copies of the Director's records regarding Bowers' driving history, which included a DWI conviction obtained on December 19, 1996, in the Newton County Circuit Court, Municipal Division. The record of this conviction is a poor copy, but it is clear that after the printed line, "Def Rep By Counsel," a "Yes" appears. Bowers did not present any evidence but asserted that the Director had not met her burden of proof because she had not shown that Bowers was represented by an attorney when convicted for one of his DWI charges. Specifically, Bowers' attorney argued:

I would just argue that the [Director] has not met [her] burden of proof with respect to showing that [Bowers] was represented by an attorney in namely the—the municipal court case. [Her] only proof is a copy of a record, which appears to be signed—or be initialed by a—a clerk from the city court stating that he was represented by counsel.

The court then stated:

All right. I am going to rule that the denial is improper based upon not the issues of counsel. I want the record to be clear that I am siding with the [Director] on that issue. I think the statute carves out a statutory exception from hearsay, which was proper. But I do not believe it's proper that the individual called upon to certify the record as true and accurate has the ability to initial it, make me wonder who they are. I just

don't believe that's sufficient. A full signature by that individual is what I'm hanging my hat on to deny that. Therefore, the denial will be overturned.

The judgment, however, stated:

[The Director] has failed to meet [her] burden of proof with respect to whether [Bowers] was represented by counsel or waived his right to counsel in writing on a prior municipal court conviction.

■ "When a trial court reinstates a driver's license following a suspension or revocation, the judgment will be affirmed unless there is no substantial evidence to support it, it is against the weight of the evidence, or it erroneously declares or applies the law." *Wampler v. Director of Revenue*, 48 S.W.3d 32, 34 (Mo. banc 2001). We find the trial court erred as a matter of law in assigning the burden of proof to the Director as to whether Bowers was represented by counsel or waived his right to counsel in writing on the prior municipal court conviction. Section 302.311 [3] provides that an individual may appeal to the circuit court when his/her driver's license is suspended or denied. *Kinzenbaw v. Director of Revenue*, 62 S.W.3d 49, 52 (Mo. banc 2001). *Kinzenbaw* set forth the competing burdens of proof and burdens of production in this *de novo* review of the Director's determination to deny driving privileges. *Id.* at 52–55.

■ Initially, the driver bears the burden of producing evidence that he/she is

---

**3.** Section 302.311 states:

In the event an application for a license is denied or withheld, or in the event that a license is suspended or revoked by the director, the applicant or licensee so aggrieved may appeal to the circuit court of the county of his residence in the manner provided by chapter 536, RSMo, for the review of administrative decisions at any time within thirty days after notice that a license is denied or withheld or that a license is suspended or revoked. Upon such

appeal the cause shall be heard de novo and the circuit court may order the director to grant such license, sustain the suspension or revocation by the director, set aside or modify the same, or revoke such license. Appeals from the judgment of the circuit court may be taken as in civil cases. The prosecuting attorney of the county where such appeal is taken, shall appear in behalf of the director, and prosecute or defend, as the case may require.

entitled to a license. *Id.* at 54. That burden is met if the driver merely pleads in the appeal that he/she was duly licensed and informed by the Director that his/her driving privileges were suspended or denied and, in her answer, the Director admits that the driver had been duly licensed. *Id.* Although not contained in the Director's point, the Director argues that Bowers failed to meet the initial burden because he did not plead that he was duly licensed, nor did the Director admit to that fact in her Answer. The Director directs our attention to *Vette v. Director of Revenue*, 99 S.W.3d 563 (Mo.App. W.D.2003), for her support. *Vette* does indeed hold Mr. Vette did not plead that he was entitled to a license, nor did the Director admit in a timely-filed answer that Mr. Vette was duly licensed and, therefore, Mr. Vette failed to meet the initial burden of producing evidence that he was entitled to a license. *Id.* at 569. In *Vette*, however, only the initial petition, which failed to allege that Mr. Vette was duly licensed, was before the trial court as the Director had failed to timely file an answer and the agency's record. *Id.* at 566. No evidence was produced at the trial. *Id.* at 566. In contrast, in this case the court had the agency record before it; that record indicated the license was issued on January 17, 2002, and did not expire until May 19, 2008. As Bowers met his initial burden of production, we proceed to a discussion of whether the records produced by the Director met her burden of producing evidence that Bowers was not qualified for a driver's license.

■ In deciding that the Director did meet that burden, we find *Stellwagon v. Director of Revenue*, 91 S.W.3d 113 (Mo. banc 2002), to be controlling. In *Stellwagon*, the trial court set aside the Director's one-year revocation and five-year denial of respondent's driving privileges under sec-

tions 302.304 and 302.060 on the basis that the Director failed to meet her burden of proof pursuant to section 302.060(10). *Id.* at 113. The Director argued on appeal that once she introduced the administrative record of respondent's two prior DWI convictions, the burden of producing evidence shifted back to respondent. *Id.* At this point, respondent had the burden of demonstrating that the convictions were uncounseled or otherwise inadequate to support revocation or denial of his license. *Id.*

Citing its previous decision in *Kinzenbaw*, the supreme court found that the driver bears the ultimate burden of persuasion. *Id.* "[O]nce [driver] showed he was qualified for a driver's license, ... the burden of producing evidence shifted to the director." *Id.* In order to meet this burden, the Director is required to make a *prima facie* showing of each of the statutory elements necessary to support denial of the license under section 302.060(10). *Id.* This burden can be fulfilled by "offering evidence, based on the administrative record or otherwise, that [driver] had two prior convictions, that his prior municipal court conviction was before a judge who was an attorney, and that it was 'counseled' or that [driver] waived counsel." *Id.* Evidence produced by the Director included respondent's "driving record, the director's March 14, 2000, letters denying and revoking his license, and the two uniform complaint and summons forms that reflected [respondent's] DWI convictions on February 25, 2000, and April 29, 1997." *Id.* at 114.

> The portions of the 1997 form setting out his arrest for DWI, the date of the conviction, the complaint number, the sentence and the fact that the judge was an attorney were legible, but much of the rest of the form, particularly the pre-printed words, was so difficult to read as to be illegible.

*Id.* at 114–115. Based on this evidence, the trial court reinstated respondent's driver's license. *Id.* at 115.

The supreme court confirmed that in order to make a *prima facie* case the statute demands that the Director show that the defendant was represented by an attorney or waived his right to an attorney in the proceedings which led to the municipal convictions used as a basis for denying a license under section 302.060(10). *Id.* at 115–116. As to the portion of the record which was partially illegible, the court noted:

> [The form] also contains boxes to be checked to show whether the driver is represented by or waives counsel and whether the judge is a lawyer.
>
> [Respondent's] conviction in Greene County Circuit Court, Municipal Division, is recorded on the reverse side of a copy of standard Form 37A. While the pre-printed words "Defendant Represented by Counsel" are illegible on [Respondent's] conviction record, the place on the form for filling in "____ yes ____ no," is not. The word "yes" is visible and the area next to it has a check mark. Upon comparing [Respondent's] conviction record to a blank copy of this side of standard Form 37A, it is clear that this check mark is in the box for recording that the driver was represented by counsel.

Likewise, in this case, although the copy of the record is of poor quality, based on its statements in court, the trial court did not appear to have any problem reaching the conclusion that Bowers was in fact represented by counsel at the municipal court hearing. Nor do we. It is clear that after the printed line, "Def Rep By Counsel," a "Yes" appears. The exhibit further, and consistently, then answers "No" to the provision "Def waive Right to Counsel."

The Director met her burden of production. At this point, the burden of production shifted back to Bowers to illustrate that the facts purported to be established by the administrative record were not true or that the grounds for suspension were unlawful, unconstitutional, or otherwise insufficient under section 536.150. *Kinzenbaw,* 62 S.W.3d at 54–55. The Director demonstrated that Bowers had more than two DWI convictions and the Director demonstrated that at the municipal court conviction Bowers was represented by counsel pursuant to section 302.060(9). To meet his burden of production, Bowers could have testified that he was not counseled at the municipal court hearing or he could have provided documentation that refuted the record provided by the Director. If the trial court found this evidence credible, then it could have found in favor of Bowers. As it was, Bowers did not meet this burden of production or persuasion; therefore, the Director's evidence was uncontroverted and the trial court's order and judgment reversing the decision of the Director was in error. The trial court misapplied the law by impermissibly placing the burden of persuasion on the Director. Point I is granted.

The Circuit court's judgment is reversed; the cause is remanded with directions to the circuit court to reinstate the Director's denial of Bowers' driving privileges.

PARRISH and LYNCH, JJ., concur.