**Joseph James RADMACHER,**
**Appellant,**

v.

**DIRECTOR OF REVENUE,**
**Respondent.**

**No. WD 75763.**

Missouri Court of Appeals,
Western District.

Aug. 6, 2013.

Matthew Hamilton, Pleasant Hill, MO, for Appellant.

Rachel Jones, Jefferson City, MO, for Respondent.

Before Division Four: JAMES EDWARD WELSH, C.J., ALOK AHUJA, J., and JACK R. GRATE, Sp. J.

JAMES EDWARD WELSH, Chief Judge.

Joseph Radmacher appeals the circuit court's judgment affirming the Director of Revenue's decision to disqualify his Commercial Driver's License (CDL). Radmacher contends that the circuit court erred in finding for the Director because the Director did not present any evidence to refute Radmacher's evidence that the decision was arbitrary and unreasonable. We affirm.

## Background

In 2010, Joseph Radmacher had a single-car accident while driving a non-commercial motor vehicle. One of his passengers was ejected from the vehicle and was injured. Radmacher was charged with the class C felony of second-degree assault for operating a motor vehicle while intoxicated resulting in injury. § 565.060, RSMo.[1] Radmacher pleaded guilty to the charge in Cass County Circuit Court, and the judge suspended imposition of sentence.

The Department of Revenue then notified Radmacher that his privilege to drive a commercial motor vehicle was being "disqualified" for one year due to his "conviction for using a motor vehicle in the commission of a felony," citing sections 302.700 and 302.755, RSMo. Radmacher filed a petition for judicial review pursuant to section 302.311, RSMo.

At the hearing on Radmacher's petition, the circuit court took judicial notice of the

---

1. Statutory references are to the Revised Statutes of Missouri 2000, as updated by the 2012 Cumulative Supplement.

criminal case on which the disqualification was based and admitted Exhibit 1, certified copies of the Director's records pertaining to Radmacher, including a copy of his CDL and a certified record of his felony conviction. Radmacher presented the testimony of his employer.

■■■■ The court denied Radmacher's motion for a directed verdict[2] and entered judgment in favor of the Director. Radmacher appeals.

### Discussion

Radmacher argues, in his two points on appeal, that the circuit court erred in entering judgment for the Director because the Director failed to meet her burdens of production and persuasion, in that she did not offer any evidence to refute Radmacher's evidence that the decision to disqualify his CDL was *arbitrary* (Point I) and was *not reasonable* (Point II).

The Department of Revenue disqualified Radmacher's CDL pursuant to section 302.755 of the "Uniform Commercial Driver's License Act." The circuit court's review of the Director's decision to disqualify a person from driving a commercial vehicle under section 302.755 is governed by section 302.311, RSMo.[3] *Miller v. Dir. of Revenue*, 277 S.W.3d 290, 293 (Mo.App.2009). Section 302.311 permits a driver to appeal the Director's decision to the circuit court "in the manner provided in chapter 536," the Missouri Administrative Procedures Act.

The crux of Radmacher's argument is that the Director had to establish, at the court hearing, not only that the decision satisfied the elements of section 302.755, but also that it did not run afoul of section 536.140. Section 536.140 sets forth the scope of judicial review of an administrative agency's decision in a "contested" case. *Vette v. Dir. of Revenue*, 99 S.W.3d 563, 568 (Mo.App.2003). It permits the reviewing court to determine, among other things,[4] whether the decision is "arbitrary, capricious or unreasonable." § 536.140.2, RSMo. This, however, was a "non-contested" administrative case, and, thus, section 536.150, rather than 536.140, governed the scope of the circuit court's review. *See, e.g., Kinzenbaw v. Dir. of Revenue*, 62 S.W.3d 49, 52 (Mo. banc 2001); *Vette*, 99 S.W.3d at 566–68 (both holding that section 536.150 governs judicial review of

---

**2.** A motion for directed verdict is not appropriate in a court-tried case. *Williams v. Dir. of Revenue*, 335 S.W.3d 70, 72, n. 1 (Mo.App. 2011). "[W]hen a motion for directed verdict is inappropriately made in a court-tried case, we will treat the motion as one submitting the case for a decision on the merits pursuant to Rule 73.01(b)." *Id.*

**3.** Section 302.311 provides, in pertinent part:

    In the event an application for a license is denied or withheld, or in the event that a license is suspended or revoked by the director, the applicant or licensee so aggrieved may appeal to the circuit court of the county of his residence in the manner provided by chapter 536, RSMo, for the review of administrative decisions at any time within thirty days after notice that a license is denied or withheld or that a li-

cense is suspended or revoked. Upon such appeal the cause shall be heard de novo and the circuit court may order the director to grant such license, sustain the suspension or revocation by the director, set aside or modify the same, or revoke such license. Appeals from the judgment of the circuit court may be taken as in civil cases.....

**4.** Section 536.140.2 permits the reviewing court to determine whether the agency's action: "(1) Is in violation of constitutional provisions; (2) Is in excess of the statutory authority or jurisdiction of the agency; (3) Is unsupported by competent and substantial evidence upon the whole record; (4) Is, for any other reason, unauthorized by law; (5) Is made upon unlawful procedure or without a fair trial; (6) Is *arbitrary, capricious or unreasonable;* (7) Involves an abuse of discretion." (Emphasis added.)

"non-contested" administrative cases, such as this one, where the agency's decision was "made without any requirement of an adversarial hearing").[5] Section 536.150 (like 536.140) permits the reviewing court to determine whether the agency's decision was arbitrary or unreasonable,[6] and the focus of Radmacher's points on appeal is that the decision was arbitrary and unreasonable; thus, we will address his claims to the extent possible.

■ On appeal from a petition for review under section 302.311, this court reviews the circuit court's judgment, not the Director's decision. *Vette*, 99 S.W.3d at 566. As in any court-tried civil case, we will affirm the judgment unless there is no substantial evidence to support it, it is against the weight of the evidence, or it erroneously declares or applies the law. *Id.* (citing *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976)).

■ Section 302.755.1(5), RSMo, provides that "[a] person is disqualified from driving a commercial motor vehicle for a period of not less than one year if convicted of a first violation" of "[u]sing a commercial or noncommercial motor vehicle in the commission of any felony, as defined in section 302.700 [.]" Pursuant to section 302.700, a "conviction" is "an unvacated adjudication of guilt, including pleas of guilt . . . regardless of whether the penalty is . . . suspended[.]" § 302.700.2(8), RSMo. A felony is "any offense under state or federal law that is punishable by death or imprisonment for a term exceeding one year." § 302.700.2(18), RSMo. Radmacher

pleaded guilty to a class C felony, for which he was given a suspended imposition of sentence. That constitutes a "conviction" for the purposes of a commercial driver's license revocation. *See Bowers v. Dir. of Revenue*, 338 S.W.3d 876, 880 (Mo. App.2011).

In *Strup v. Director of Revenue*, the Missouri Supreme Court held that, in an appeal of a commercial driver's license disqualification, the Director is required to show only that the CDL holder was "convicted," as defined in section 302.700.2, RSMo, and that the conviction merited disqualification of the person's commercial driver's privilege for a period of not less than one year under section 302.755.1. 311 S.W.3d 793, 797–98 (Mo. banc 2010). Thus, the Director needed only to introduce evidence showing that Radmacher had a commercial driving privilege and that he fell under one of the statutory disqualifiers in section 302.755.1, RSMo.

At trial, the circuit court took judicial notice of Radmacher's underlying criminal case. The Director also offered, and the court admitted, a certified copy of the Department's records on Radmacher's driving history, a copy of Radmacher's commercial driver's license, and a certified copy of Radmacher's felony conviction. Counsel for the Director argued that those records satisfied the requirements of section 302.755 and supported the CDL disqualification.

Radmacher, who works as a driver for Radmacher Brothers Excavating, called his employer, Tom Radmacher ("Employer"), to testify. Radmacher's counsel stat-

5. "[I]n a contested case the private litigant must try his or her case before the agency, and judicial review is on the record of that administrative trial, whereas in a non-contested case the private litigant tries his or her case to the court." *City of Valley Park v. Armstrong*, 273 S.W.3d 504, 506–07 (Mo. banc 2009) (citing §§ 536.140, 536.150).

6. Section 536.150.1 states that the reviewing court "may determine whether [the] decision, in view of the facts as they appear to the court, is unconstitutional, unlawful, *unreasonable, arbitrary,* or capricious or involves an abuse of discretion[.]" (Emphasis added.)

ed that the employer would testify about whether the decision to disqualify Radmacher's CDL was arbitrary, capricious, or not reasonable, citing section 536.140, RSMo. Counsel for the Director objected to Employer's testimony on the basis that it was irrelevant. The court granted a continuing objection but allowed the testimony. Employer testified that his company does work for the state and county on road construction projects. He stated that the loss of Radmacher's CDL would cost Employer money, hamper his ability to do business, and impact the county's ability to complete road projects. Much of Employer's testimony was simply an expression of personal opinion. Employer opined, for example, that he was unaware of "any harm or danger to the public health" that allowing Radmacher to keep his CDL would cause; that it would "help" the "morality of the county"; and that it would "benefit the general welfare" by saving the state and county money. Employer stated that he did "not believe" that "pulling" Radmacher's CDL was reasonable and that "restricting [Radmacher's] private license" would be a "less restrictive way" to accomplish the same goals. On cross-examination, Employer conceded that he had no personal knowledge about Radmacher's guilty plea and had no reason to believe that the court file from the criminal case was incorrect.

Radmacher now contends that because Employer's testimony was "uncontroverted," the Director failed to satisfy her "burdens to produce evidence and to persuade by a preponderance of the evidence" that the decision was not arbitrary and not unreasonable. Radmacher cites *White v. Director of Revenue*, 321 S.W.3d 298 (Mo. banc 2010), in support. Apart from the *White* court's observation that "the trier of fact has the right to disbelieve evidence, even when it is not contradicted," that case is not relevant here. *See* 321 S.W.3d at 307 (quoting *Guhr v. Dir. of Revenue*, 228 S.W.3d 581, 585 n. 3 (Mo. banc 2007)). In *White*, the Director suspended the driver's non-commercial license, pursuant to section 302.505, following the driver's arrest for driving while intoxicated, and the driver properly sought judicial review under *section 302.535*.[7] *Id.* at 301–02. Based on the plain language of section 302.535.1, which states that "[t]he burden of proof shall be on the state to adduce the evidence," the *White* court determined that the statute "place[s] the burden of proof, including the burden of production of evidence, on the director." *Id.* at 307. Here, Radmacher properly petitioned for judicial review pursuant to *section 302.311*. That statute does not contain the type of language that *White* relied upon to find that the Director bears the burdens of production and persuasion in a section 302.535 review.

In *Kinzenbaw*, our Supreme Court announced the burdens of a driver and the Director in a section 302.311 proceeding. 62 S.W.3d at 53–55. The court construed sections 302.311 and 536.150 together and found that section 536.150's language places the burden on the driver to show that the administrative action should be set aside for one or more of the reasons listed therein. *Id.* at 53. The court explained that there are two components to

---

7. Section 302.535 is part of a grouping of statutes relating to the suspension of driving privileges because the driver had an excessive blood alcohol content, sections 302.500–302.541. *Folkedahl v. Dir. of Revenue*, 307 S.W.3d 238, 240 (Mo.App.2010). Section 302.311, on the other hand, is a part of the general provisions relating to drivers' licenses. *Id.* at 241. Judicial review of a decision to disqualify a person from driving a commercial vehicle under section 302.755 is governed by section 302.311. *Miller*, 277 S.W.3d at 293.

the burden of proof—"the burden of producing (or going forward with) evidence and the burden of persuasion"—and that, in a section 302.311 proceeding, the burden of *persuasion* rests at all times on the driver. *Id.* at 53, 54. Here, the Director discharged Radmacher's initial burden of *producing* evidence that he is entitled to a license by introducing a copy of Radmacher's CDL. *See id.* at 54. The burden of production then shifted to the Director to establish that Radmacher was not entitled to a license. *See id.* The Director introduced records showing that Radmacher (1) had a commercial driver's license and (2) was convicted of using a motor vehicle in the commission of a felony. Those records satisfied the Director's burden to make a *prima facie* showing of each of the statutory elements necessary to support the disqualification under section 302.755. *See id.* Once the Director satisfied her burden of production, then "it [was] the driver's burden to show that the facts that purport to be established by the administrative record are not true or that the grounds for the suspension are unlawful, unconstitutional, or otherwise insufficient under section 536.150 to support the director's action." *Id.* at 54–55.

Radmacher presented no evidence that the Director's records were untrue. He claims, however, that he satisfied his burden because his evidence established that the Director's action was arbitrary and unreasonable and the Director presented no evidence to the contrary. We disagree. Applying our standard of review, the Di-

rector satisfied her burden of production of evidence by producing substantial evidence of Radmacher's possession of a CDL and his conviction for using a motor vehicle in the commission of a felony. Radmacher does not contend that the circuit court committed any error of law. His contention then must be that the circuit court's decision is against the weight of the evidence because he produced some evidence that the decision was arbitrary and unreasonable and the Director introduced nothing on that issue. Radmacher is simply mistaken. Our Supreme Court has unequivocally decided that the Driver bears the burden of persuasion on these issues. The Director need not produce evidence on these issues to prevail. The circuit court could simply be unpersuaded by the Driver's evidence. The circuit court, as the fact-finder, cannot be convicted of error for being unpersuaded by the party bearing the burden of persuasion.[8] Radmacher fails to establish any basis for this court to reverse the circuit court's decision affirming the disqualification of his CDL. Consequently, we affirm.

All concur.

---

8. Section 302.755.1(5), RSMo, states that "[a] person *is disqualified* from driving a commercial motor vehicle for a period of not less than one year" if he or she uses of a motor vehicle "in the commission of any felony." (Emphasis added.) In the face of this seemingly mandatory language, we have some question whether section 536.150, RSMo, authorizes a reviewing court to overturn a disqualification as "arbitrary" or "unreasonable" based on

factors like those offered in Employer's testimony, where the statutory elements justifying disqualification are otherwise met. We need not decide that issue in this appeal, however; even if the sorts of considerations offered by Employer *could* justify reversal of the Director's decision, the circuit court was evidently not persuaded by Employer's testimony in this case.